**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS, FORT WORTH DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH, INC., a Texas corporation, *et al.*,<br><br>Defendants | Case No. _____<br><br>**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE COMPLAINT AND OTHER DOCUMENTS UNDER SEAL** |

Plaintiffs Federal Trade Commission ("FTC" or "Commission"), and the States of Texas, Alaska, Iowa, and Nebraska (collectively, "Plaintiffs") hereby move for leave to file their Complaint and exhibits (collectively, "Initial Filing") under seal. Plaintiffs ask the Court to seal temporarily—for only 14 days—certain material obtained pursuant to Civil Investigative Demands ("CIDs") the Commission issued and a single declaration from a represented declarant who may have reservations about disclosure.  This is to allow potentially affected parties an opportunity to raise objections to disclosure, if any.  In certain cases, Plaintiffs also ask the Court to permanently seal limited information that would identify certain witnesses.

First, Plaintiffs request that the Court seal the CID information temporarily in

1

accordance with 16 C.F.R. § 4.10(g), which protects such material ("4.10(g) Material"). Consistent with 16 C.F.R. § 4.10(g), a 14 day temporary seal will protect the 4.10(g) Material long enough to enable CID recipients to assert objections (if any) to its potential disclosure.

Second, the Court should permanently seal certain personally identifying information or other information that would identify certain witnesses (collectively, "PII Material") because their privacy interests, and those of their children, outweigh any value to the public of disclosure. Notably, the public can still view the entire substance of their declarations.

### Background

As described more fully in the Complaint, Defendants World Professional Association for Transgender Health, Inc., a Texas corporation, and two affiliated entities, (collectively "WPATH") provide the means to deceptively market pediatric medical transition services to minor patients and their parents (collectively "consumers") in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), the Alaska Consumer Protection Act ("AK CPA"), AS § 45.50.471 *et. seq,* the Iowa Consumer Fraud Act. Iowa Code § 714.16, the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301 *et. seq*., and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code §§ 17.41-17.63.

WPATH works to ensure that its members and other clinicians receive payment for transition services from health insurance providers. The Commission issued CIDs to certain providers. The Complaint references material that the providers produced in response to the CIDs. The providers designated this material "confidential" under 16 C.F.R. § 4.10(g). As discussed below, Plaintiffs request that the Court temporarily seal this 4.10(g) Material for 14 days.

Finally, witnesses with information concerning WPATH's unlawful conduct include clinicians, patients and their parents. The Complaint references and attaches declarations from such witnesses. As discussed below, to protect the privacy of witnesses, the Court should permanently seal certain PII Material.

**Proposed Temporarily Sealed Material**

First, during its investigation, the Commission used CIDs to obtain information that appears in the Complaint. Under 16 C.F.R. § 4.10(g), parties submitting information pursuant to such process may designate trade secret, commercial and financial information as "confidential," and if submitters do so, they must be "afforded an opportunity" to seek a sealing order before the material is disclosed.  The submitters in this matter designated material as "confidential." Accordingly, Plaintiffs ask the Court to seal § 4.10(g) material for 14 days.

**Proposed Permanently Sealed PII Material**

In the Fifth Circuit, "the working presumption is that judicial records should not be sealed." *Bank of Am., N.A. v. Ztar Mobile Inc.*, 2024 U.S. Dist. LEXIS 181622 at *1 (N.D. Tex Oct. 4, 2024). In determining whether to seal records, "[j]udges must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Arup United States Inc. v. Akmansoy,* 2025 U.S. Dist. LEXIS 114673 at *3 (N.D. Tex. May 8, 2025) quoting *Le v. Exter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). Although the public interest in access to judicial proceedings is very strong, "'the need to protect sensitive personal and medical information is among those that courts have found justify nondisclosure.'" *Id.* quoting *Williams v. Luminator Holdings, LP,* 2012 U.S. Dist. LEXIS 166220 (N.D. Tex. Nov. 21, 2012).

3

In this matter, Plaintiffs seek to have the Court permanently seal only two types of PII Materials from certain witness declarations: (1) names of individuals and (2) individuals' addresses, including their cities or towns. These declarations contain sensitive biographical and medical treatment information, including information about children that is highly sensitive. Allowing the PII Material to remain redacted provides the public with the right of access to information provided by these individuals while balancing these individuals' privacy interests in their personal and contact information.  To underscore the point:  the permanent seal would only cover names, addresses, and the like – not the substance of anyone's declaration.

**Conclusion**

For the foregoing reasons, Plaintiffs respectfully request an order:

(1) Allowing Plaintiffs to file their Initial Filing under temporary seal;

(2) Automatically lifting the temporary seal, except for material designated as PII

Material, on July 1, 2026, unless the Court orders otherwise; and

(3) Permanently sealing all PII Material.


Dated: June 17, 2026                          Respectfully submitted,


                                              */s/ R. Cooper Vaughan*
                                              R. Cooper Vaughan
                                                *Senior Counsel to the Director*
                                                Virginia State Bar No. 92580
                                              Glenna Goldis (pro hac vice forthcoming)
                                                *Assistant Director for Special Projects*
                                                New York Reg. No. 4868600
                                              Michael Dingman (pro hac vice
                                              forthcoming)
                                                *Senior Counsel to the Director*
                                                District of Columbia Bar No. 90001474
                                              Hans Clausen (pro hac vice forthcoming)
                                                *Attorney*
                                                Georgia Bar No. 153250

                                              Federal Trade Commission
                                              Bureau of Consumer Protection
                                              600 Pennsylvania Avenue, NW
                                              Washington, DC 20580
                                              Fax: (214) 953-3079
                                              E-mail: RVaughan@FTC.gov

5

**FOR THE STATE OF ALASKA**:


CORI M. MILLS
Acting Attorney General of Alaska



Charles J. Gartland (pro hac vice
forthcoming)
Civil Division Director
Alaska Bar No. 2509064
Alaska Dept. of Law
1031 W. 4th Ave.
Suite #200
Anchorage, AK 99501
Telephone: (907) 269-5100
Fax: (907) 269-5100
E-mail: charles.gartland@alaska.gov

Attorney for Plaintiff
STATE OF ALASKA

6

**FOR THE STATE OF IOWA**:


BRENNA BIRD
Attorney General of Iowa


*Eric Wessan*

_____

Eric H. Wessan
Solicitor General
Iowa Attorney General's Office
Iowa Bar Pin: AT0014313
1305 E. Walnut St.
2d Floor
Des Moines, IA 50263
Telephone: (515) 823-9117
E-mail: eric.wessan@ag.iowa.gov

Attorney for Plaintiff
*STATE OF IOWA*

7

**FOR THE STATE OF NEBRASKA**:


MICHAEL T. HILGERS
Attorney General of Nebraska




Erik W. Fern (pro hac vice forthcoming)
Deputy Bureau Chief
Nebraska Bar No. 23733
Benjamin J. Swanson (pro hac vice forthcoming)
Nebraska Bar No. 27675
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, Nebraska 68508
Telephone: (402) 471-3811
Fax: (402) 471-4725
E-mail: erik.fern@nebraska.gov
E-mail: benjamin.swanson@nebraska.gov

Attorneys for Plaintiff
STATE OF NEBRASKA

8

FOR THE STATE OF TEXAS

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

ROB FARQUHARSON
Deputy Attorney General for Legal Strategy

ROB FARQUHARSON
Deputy Attorney General for Legal Strategy
Rob.Farquharson@oag.texas.gov
Texas Bar No. 24100550

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Consumer Protection Division
P.O. Box 12548, MC-066
Austin, Texas 78711-2548

**<u>CERTIFICATE OF SERVICE</u>**

I, R. Cooper Vaughan, hereby certify that on June 17, 2026, I electronically filed this brief with the Court using the CM/ECF system, a copy of which will be served along with the complaint.

*/s/ R. Cooper Vaughan*
R. Cooper Vaughan

**<u>CERTIFICATE OF COMPLIANCE</u>**

I, R. Cooper Vaughan, hereby certify that this brief complies with the form and length requirements of Local Rule 7.2 as it uses 12-point, double-spaced, Times New Roman font and does not exceed 25 pages in length.

*/s/ R. Cooper Vaughan*
R. Cooper Vaughan
