**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>STATE OF ALASKA,<br><br>STATE OF IOWA,<br><br>STATE OF NEBRASKA, *ex rel*. Michael T. Hilgers, Attorney General,<br><br>and<br><br>STATE OF TEXAS, *ex rel*. Ken Paxton, Attorney General,<br><br>    Plaintiffs,<br><br>      v.<br><br>WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH, INC., a Texas corporation,<br><br>WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH, INC., an Illinois corporation,<br><br>and<br><br>UNITED STATES PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH,<br><br>  Defendants | Case No. 4:26-cv-00748-P |

**BRIEF IN SUPPORT OF MOTION FOR LEAVE TO PROCEED WITHOUT LOCAL COUNSEL**

      Good cause exists for this Court to grant Plaintiffs' Motion, for two reasons. First, Local

Rule 83.11 exempts attorneys from the Department of Justice from the local counsel

requirement. Like the Department of Justice, the Federal Trade Commission is a federal

1

government entity that enforces federal law across the nation. See 15 U.S.C. § 53(b)(2) (providing for nationwide service); *NLRB v. Universal Smart Conts.*, LLC, 166 F.4th 304, 315 (2d Cir. 2026) (explaining that a nationwide service-of-process provision provides a statutory basis for personal jurisdiction). Indeed, Congress structured the FTC Act to authorize venue in any forum that the Commission selects, further underscoring the agency's fully national practice. See 28 U.S.C. § 1391(c)(2) (providing that entities are deemed to "reside" in any judicial district in which they are subject to personal jurisdiction); 15 U.S.C. § 53(b)(2) (providing that the FTC can sue entities anywhere that they "reside"). Accordingly, like Department of Justice attorneys, attorneys for the Commission frequently travel to courts across the nation to litigate Commission matters. The similarities between the Department of Justice and the Commission relevant to the local counsel rule therefore support granting the Motion.

Second, the State Plaintiffs—aside from Texas, which is exempt from the local counsel rule under Local Rule 83.11—seek leave to proceed without local counsel because they intend to work with the Federal Trade Commission in a unified approach to this case. These Plaintiffs therefore respectfully request that this Court grant them leave to proceed without local counsel in this matter.

Dated: June 17, 2026                          Respectfully submitted,

**FOR THE FEDERAL TRADE COMMISSION:**

Of Counsel                                    */s/ R. Cooper Vaughan*
                                              R. Cooper Vaughan
Christopher G. Mufarrige                         *Senior Counsel to the Director*
  *Director,*                                    Virginia State Bar No. 92580
  *Bureau of Consumer Protection*             Glenna Goldis (pro hac vice forthcoming)
                                                 *Assistant Director for Special Projects*
Lucas Croslow                                    New York Reg. No. 4868600
  *General Counsel*                           Michael Dingman (pro hac vice
                                              forthcoming)
Katherine White                                  *Senior Counsel to the Director*
  *Principal Deputy Director*                    District of Columbia Bar No. 90001474
  *Bureau of Consumer Protection*             Hans Clausen (pro hac vice forthcoming)
                                                 *Attorney*
Douglas C. Geho                                  Georgia Bar No. 153250
  *Deputy Director,*
  *Bureau of Consumer Protection*             Federal Trade Commission
                                              Bureau of Consumer Protection
Levi W. Swank                                 600 Pennsylvania Avenue, NW
  *Deputy Director for Litigation,*           Washington, DC 20580
  *Bureau of Consumer Protection*             Fax: (214) 953-3079
                                              E-mail: RVaughan@FTC.gov
Annie Chiang
  *Deputy Director,*                          Jonathan Cohen (pro hac vice forthcoming)
  *Bureau of Consumer Protection*                *Chief Litigation Counsel*,
                                                 *Bureau of Consumer Protection*
                                                 District of Columbia Bar No. 483454

                                              Attorneys for Plaintiff
                                              FEDERAL TRADE COMMISSION

3

**FOR THE STATE OF ALASKA**:

CORI M. MILLS
Acting Attorney General of Alaska


Charles J. Gartland (pro hac vice
forthcoming)
Civil Division Director
Alaska Bar No. 2509064
Alaska Dept. of Law
1031 W. 4th Ave.
Suite #200
Anchorage, AK 99501
Telephone: (907) 269-5100
Fax: (907) 269-5100
E-mail: charles.gartland@alaska.gov

Attorney for Plaintiff
STATE OF ALASKA

4

**FOR THE STATE OF IOWA**:

BRENNA BIRD
Attorney General of Iowa


*Eric Wessan*
_____

Eric H. Wessan
Solicitor General
Iowa Attorney General's Office
1305 E. Walnut St.
2d Floor
Des Moines, IA 50263
Telephone: (515) 823-9117
E-mail: eric.wessan@ag.iowa.gov

Attorney for Plaintiff
STATE OF IOWA

**FOR THE STATE OF NEBRASKA**:

MICHAEL T. HILGERS
Attorney General of Nebraska

Erik W. Fern (pro hac vice forthcoming)
Deputy Bureau Chief
Nebraska Bar No. 23733
Benjamin J. Swanson (pro hac vice forthcoming)
Nebraska Bar No. 27675
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, Nebraska 68508
Telephone: (402) 471-3811
Fax: (402) 471-4725
E-mail: erik.fern@nebraska.gov
E-mail: benjamin.swanson@nebraska.gov

Attorneys for Plaintiff
STATE OF NEBRASKA

## CERTIFICATE OF SERVICE

I, R. Cooper Vaughan, hereby certify that on June 17, 2026, I electronically filed this brief with the Court using the CM/ECF system, which will automatically send copies to any attorney of record in the case.

*/s/ R. Cooper Vaughan*
R. Cooper Vaughan

## CERTIFICATE OF COMPLIANCE

I, R. Cooper Vaughan, hereby certify that this brief complies with the form and length requirements of Local Rule 7.2 as it uses 12-point, double-spaced, Times New Roman font and does not exceed 25 pages in length.

*/s/ R. Cooper Vaughan*
R. Cooper Vaughan