**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>*Plaintiffs*,<br><br>   *v.*<br><br>WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH, INC., a Texas corporation, et al.,<br><br> *Defendants*. | Case No. 4:26-cv-00748-O<br><br>**DEFENDANT WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER VENUE** |

Sarah Cummings Stewart
**REED SMITH LLP**
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Tel: (469) 680-4200
Fax: (469) 680-4299
sarah.stewart@reedsmith.com


R. Jeffrey Layne
**REED SMITH LLP**
401 Congress Avenue, Suite 1800
Austin, TX 78701
Tel: (512) 623-1801
Fax: (512) 623-1802
jlayne@reedsmith.com

Caleb Hayes-Deats*
Abbe David Lowell [DC Bar No. 358651]
Schuyler J. Standley*
**LOWELL & ASSOCIATES, PLLC**
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassociates.com
CHayes-Deats@lowellandassociates.com
SStandley@lowellandassociates.com

*\*Pro hac vice* motion pending

*Attorneys for Defendant WPATH*

**TABLE OF CONTENTS**

INTRODUCTION .......................................................................................................... 1

FACTUAL BACKGROUND ....................................................................................... 1

ARGUMENT .................................................................................................................. 2

    **I.**      **Legal Standard** ............................................................................................ 2

    **II.**     **The Court Should Dismiss This Matter Pursuant to 28 U.S.C. §
1406(a) Because the Northern District of Texas is an Improper Venue** .......... 3

         A.      WPATH Does Not Reside in the Northern District of Texas ..................... 3

         B.      No Substantial Conduct Occurred in the Northern District of Texas ......... 6

         C.      The Appropriate Remedy Under 28 U.S.C. § 1406(a) is Dismissal,
not Transfer .............................................................................................. 7

         D.      If the Court Determines That Transfer is in the "Interest of
Justice," This Matter Should Be Transferred to the D.C. District
Court or the Northern District of Illinois ................................................ 8

    **III.**    **If the Court Determines that Venue is Proper in the Northern District
of Texas, the Court Should Transfer This Matter Under 28 U.S.C. §
1404(a)** ........................................................................................................ 9

         A.      The FTC's Forum Shopping Warrants Transfer ....................................... 9

         B.      The Private and Public Factors Weigh in Favor of Transfer .................... 10

CONCLUSION ............................................................................................................ 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A-7 Austin, LLC v. Bridgestone Hosepower, LLC*,
No. 2:24-CV-42-Z-BR, 2024 WL 3851596 (N.D. Tex. Aug. 15, 2024) ...................................4

*Ambraco, Inc. v. Bossclip B.V.*,
570 F.3d 233 (5th Cir. 2009) ...............................................................................................3

*AMG Cap. Mgmt. LLC v. FTC*,
593 U.S. 67 (2021)................................................................................................................6

*Border Steel, Inc. v. Pac. Century Customs Serv.*,
500 F. Supp. 2d 655 (W.D. Tex. 2006).................................................................................6

*In re Clarke*,
94 F.4th 502 (5th Cir. 2024) ................................................................................................9

*Commins v. NES Rentals Holdings, Inc.*,
No. 3:16-CV-00608-GNS, 2017 WL 3485005 (W.D. Ky. Aug. 14, 2017)..............................4

*eRoad Ltd. v. PerDiemCo LLC*,
No. 6:19-CV-00026-ADA, 2019 WL 10303654 (W.D. Tex. Sept. 19, 2019) .........................4

*Everetts v. Allen Police Dep't*,
No. 3:26-CV-870-L-BK, 2026 U.S. Dist. LEXIS 96516 (N.D. Tex. Mar. 27,
2026) ................................................................................................................................7, 8

*FTC v. Evans Prods. Co.*,
775 F.2d 1084 (9th Cir. 1985) ..............................................................................................7

*FTC v. Shire ViroPharma, Inc.*,
917 F.3d 147 (3d Cir. 2019)..................................................................................................7

*Gabet v. Amazon.com, Inc.*,
No. 22-cv-35, 2022 WL 4078442 (N.D. Ind. Sept. 6, 2022) .....................................................9

*McClintock v. Sch. Bd. E. Feliciana Parish*,
299 Fed. App'x 363 (5th Cir. 2008) ......................................................................................6

*Mink v. AAAA Dev. LLC*,
190 F.3d 333 (5th Cir. 1999) ................................................................................................6

*Monkton Ins. Servs. v. Ritter*,
768 F.3d 429 (5th Cir. 2014) ................................................................................................4

*Patrick Henry Med., L.L.C. v. Prochant, Inc.*,
No. 4:21-cv-00430, 2021 WL 5578680 (E.D. Tex. Dec. 15, 2021) ...........................................3

*Seiferth v. Helicopteros Atuneros, Inc.*,
472 F.3d 266 (5th Cir. 2006) ..............................................................................................5

*In re TikTok, Inc.*,
85 F.4th 352 (5th Cir. 2023) ...............................................................................................9

*Torres v. S.S. Rosario*,
125 F. Supp. 496 (S.D.N.Y. 1954) .......................................................................................9

*Uniwell Labs., Inc. v. Frain Indus., Inc.*,
No. 4:21-cv-01292-O, 2022 WL 18635847 (N.D. Tex. Jul. 20, 2022) ...................................6

*Utah v. Walsh*,
No. 2:23-CV-016-Z, 2023 WL 2663256 (N.D. Tex. Mar. 28, 2023) ........................................2

*Walden v. Fiore*,
134 S. Ct. 1115 (2014)........................................................................................................5

*WPATH v. FTC*,
No. 26-cv-532 (JEB), 2026 WL 1257321 (D.D.C. May 7, 2026) ........................................5, 7

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*,
952 F. Supp. 1119 (W.D. Pa. 1997)......................................................................................6

**Statutes**

15 U.S.C. § 53(b) ..................................................................................................................2

28 U.S.C. § 1391.............................................................................................................. 2, 4, 6

28 U.S.C. § 1404(a) .................................................................................................. *passim*

28 U.S.C. § 1406(a) .............................................................................................1, 3, 7, 11

Tex. Health & Safety Code Ann. § 161.702 *et seq.*.........................................................2

**Rules**

Fed. R. Civ. P. 12(b)(3)...................................................................................1, 2, 3, 11

Fed. R. Civ. P. 12(b)(2)...................................................................................1, 2, 3, 11

iii

## INTRODUCTION

This suit should not have been filed in the Northern District of Texas. Venue here is improper for several reasons. This District does not have personal jurisdiction over Defendant World Professional Association for Transgender Health ("WPATH"). Nor did the allegedly "deceptive" statements that Plaintiffs seek to enjoin occur in this District. Texas banned the type of healthcare at issue in this case in 2023. The real reason Plaintiffs chose this District was to avoid unfavorable rulings against the Federal Trade Commission ("FTC") in a separate case WPATH brought in the District of Columbia. That is improper. WPATH thus requests that this Court dismiss this action under Federal Rule of Civil Procedure 12(b)(2), 12(b)(3) and 28 U.S.C. § 1406(a), or, alternatively, transfer this action under either 28 U.S.C. § 1406(a) or § 1404(a).

## FACTUAL BACKGROUND

WPATH incorporates by reference the factual and procedural background of its Motion to Dismiss, which is filed concurrently herewith.

WPATH is a 501(c)(3) non-profit organization incorporated in Illinois and Texas, with its principal place of business located at 1061 East Main Street, Suite 300, East Dundee, Illinois, 60018. *See* Declaration of Leo Lewis, WPATH ("WPATH Decl."), ¶¶ 2–5. WPATH was served with the Complaint in this matter in Illinois and Austin, Texas. Although WPATH filed its articles of incorporation in Texas in 1980, it maintains no offices or operations in Texas. *Id.* ¶ 9.

Plaintiffs allege that WPATH's Standards of Care, Version 8 ("SOC-8"), published in 2022, provide the "means and instrumentalities" for doctors to make "deceptive" statements to consumers about transgender healthcare for minors. *See* ECF 1 ("Compl.") ¶¶ 412–20. Although Plaintiffs admit that WPATH does not communicate directly with patients, they contend that "clinicians follow WPATH's script." Compl. ¶ 317. Plaintiffs purport to identify two minor patients who, in the Northern District of Texas, heard from third parties that WPATH

1

recommended medical transition for transgender minors. ECF 1-1 ¶ 10; ECF 1-2 ¶ 18. Both statements were made in 2018, eight years ago. In 2023, Texas outlawed medical gender transition for minors by passing Senate Bill 14. *See* Tex. Health & Safety Code Ann. § 161.702 *et seq.*; Compl. ¶¶ 376–77. Plaintiffs do not identify any supposedly deceptive statements to patients in the Northern District of Texas following the passage of Senate Bill 14.

**ARGUMENT**

## I.      Legal Standard

Federal Rule of Civil Procedure 12(b)(3) permits a party to move to dismiss or transfer an action for improper venue. Once a defendant challenges venue, the plaintiff bears the burden of demonstrating that venue is proper in the chosen district. *See Utah v. Walsh*, No. 2:23-CV-016-Z, 2023 WL 2663256 (N.D. Tex. Mar. 28, 2023) (citation omitted).

To determine whether venue is proper, federal courts look to the general venue statute, 28 U.S.C. § 1391. Under § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. *See also* Fed. R. Civ. P. 12(b)(2). The FTC also invokes 15 U.S.C. § 53(b), which permits the agency to sue wherever a defendant "resides or transacts business."

For venue purposes, an entity defendant is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). However, in a state like Texas that has multiple federal judicial districts, an entity defendant's residence is strictly limited by 28 U.S.C. § 1391(d), which

2

mandates that an entity defendant "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." Consequently, under Fifth Circuit jurisprudence, general incorporation within a multi-district state does not automatically establish residency in every district of that state. *See Patrick Henry Med., L.L.C. v. Prochant, Inc.*, No. 4:21-cv-00430, 2021 WL 5578680, at \*2–3 (E.D. Tex. Dec. 15, 2021). Rather, the court must isolate the specific district and conduct a localized personal jurisdiction analysis. *Id.*

When considering a Rule 12(b)(3) motion, the court must accept all well-pleaded factual allegations in the plaintiff's complaint as true and draw all reasonable factual inferences in the plaintiff's favor. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009). However, the court is not restricted to the pleadings and may examine undisputed evidence in the record, including affidavits or declarations submitted by the parties. *Id.*

If the court finds that venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Separately, if the court finds that venue is proper, it may, "for the convenience of the parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

II.    **The Court Should Dismiss This Matter Pursuant to 28 U.S.C. § 1406(a) Because the Northern District of Texas is an Improper Venue**

A.  **WPATH Does Not Reside in the Northern District of Texas**

Plaintiffs state venue here is proper because WPATH is incorporated in Texas, but WPATH's incorporation in the State of Texas is insufficient to establish WPATH's residence in

3

the Northern District of Texas for purposes of venue. Texas is a multi-district state, which means that each district is treated as a separate state for purposes of determining whether venue is proper. *See* 28 U.S.C. § 1391(d); *A-7 Austin, LLC v. Bridgestone Hosepower, LLC*, No. 2:24-CV-42-Z-BR , 2024 WL 3851596, at *5 (N.D. Tex. Aug. 15, 2024) ("A corporation is deemed to reside within a judicial district in a multi-district state like Texas if 'its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.'"). Importantly, in multi-district states, "a defendant does not reside in a particular federal district simply because it is subject to personal jurisdiction in the state at large." *Commins v. NES Rentals Holdings, Inc.*, No. 3:16-CV-00608-GNS, 2017 WL 3485005, at *3 (W.D. Ky. Aug. 14, 2017). To determine whether a court has personal jurisdiction over an entity in a multi-district state, the court must determine if the defendant is subject to personal jurisdiction in the district as though the district were a separate state. *See A-7 Austin, LLC*, 2024 WL 3851596, at *5.

There are two types of personal jurisdiction: specific jurisdiction and general jurisdiction. In determining whether general jurisdiction exists, courts consider whether the defendant's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014)). Here, the only connection WPATH has to the State of Texas is its incorporation as a non-profit organization. But WPATH's incorporation in Texas at large is insufficient for purposes of establishing general jurisdiction in the Northern District of Texas specifically. *See Commins*, 2017 WL 3485005, at *3.[1] WPATH otherwise has no affiliations with or contacts in the Northern District of Texas that would subject it to jurisdiction. WPATH

---

[1] WPATH's Texas registered agent is located in Austin, TX. WPATH Decl. ¶ 10. Thus, to the extent the court determines that any of the districts in Texas are an appropriate venue for this action, WPATH's only contacts in Texas are in the Western District. *See eRoad Ltd. v. PerDiemCo LLC*, No. 6:19-CV-00026-ADA, 2019 WL 10303654, at *7 (W.D. Tex. Sept. 19, 2019).

does not have offices or employees in the Northern District of Texas and does not maintain operations in the Northern District (nor the Western District, for that matter). WPATH's headquarters and principal place of business are located in Illinois. WPATH Decl., ¶ 5. WPATH is managed by Veritas, a management company, and the Veritas employees who perform work on behalf of WPATH reside in Illinois and Washington, D.C. WPATH Decl., ¶ 6. WPATH's Board of Directors is comprised of individuals who reside both in the United States and internationally, but none reside in Texas. WPATH Decl., ¶ 7. Thus, there is simply no argument that WPATH's affiliations with the Northern District of Texas are so continuous and systematic as to render it at home in the District. For these reasons, the FTC cannot establish that the Northern District has general jurisdiction over WPATH.

Specific jurisdiction, on the other hand, focuses on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). Courts in the Fifth Circuit apply a three-step analysis for the specific jurisdiction inquiry:

> (1) Whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).

WPATH is a 501(c)(3) non-profit, interdisciplinary professional and educational organization devoted to transgender health. *WPATH*, 2026 WL 1257321, at *1. WPATH publishes the Standards of Care, which articulate a professional consensus about the psychiatric, psychological, medical, and surgical management of gender dysphoria and direct professionals to understand the scientific literature that may guide them when offering assistance to those with such conditions. *Id.* SOC-8 is an online publication that is available via open access to anyone who visits WPATH's website. *See* WPATH, Standards of Care Version 8, available at

5

https://www.tandfonline.com/doi/pdf/10.1080/26895269.2022.2100644.    Merely    maintaining    a "passive" website accessible to users in Texas is insufficient to establish specific jurisdiction. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (adopting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F. Supp. 1119, 1124 (W.D. Pa. 1997))*; Uniwell Labs., Inc. v. Frain Indus., Inc.*, No. 4:21-cv-01292-O, 2022 WL 18635847, at \*5 (N.D. Tex. Jul. 20, 2022) (citing *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002) (holding that a passive website that merely offers information to users is insufficient for purposes of specific jurisdiction)).

As its website is the only contact WPATH has with the Northern District of Texas, Plaintiffs' action is not properly venued in the Northern District of Texas.

## B.  No Substantial Conduct Occurred in the Northern District of Texas

Plaintiffs also cannot establish that, under 28 U.S.C. § 1391(b)(2), a "substantial part of the events or omissions giving rise to" their claims occurred in the Northern District of Texas. Plaintiffs have not identified any conduct by WPATH in the Northern District of Texas. Instead, they rely on declarations from two patients who claim that, in 2018, third parties in the Northern District of Texas told them about WPATH's recommendations. ECF 1-1 ¶ 10; ECF 1-2 ¶ 18. But "[v]enue cannot be based solely on the presence of a third party who is aware" of a defendant's conduct. *McClintock v. Sch. Bd. E. Feliciana Parish*, 299 Fed. App'x 363, 365 (5th Cir. 2008); *Border Steel, Inc. v. Pac. Century Customs Serv.*, 500 F. Supp. 2d 655, 659–60 (W.D. Tex. 2006). Because third party conduct is insufficient to satisfy § 1391(b)(2), Plaintiffs' declarations cannot establish that venue lies in this District.

The conduct in the Northern District of Texas is insubstantial for another, independent reason. Plaintiffs raise only one federal claim, under which they can seek only injunctive relief. *See AMG Cap. Mgmt. LLC v. FTC*, 593 U.S. 67, 70 (2021). To obtain injunctive relief, Plaintiffs must show "some evidence that the defendant 'is' committing or 'is about to' commit another

6

violation." *FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147, 156 (3d Cir. 2019); *FTC v. Evans Prods. Co.*, 775 F.2d 1084, 1087 (9th Cir. 1985) ("Congress only contemplated ongoing or future violations."). But the only statements Plaintiffs identify in this District occurred *eight years ago* (and were not even statements *by WPATH*). ECF 1-1 ¶ 10; ECF 1-2 ¶ 18. Since 2023, Senate Bill 14 has barred medical transition for minor patients anywhere in Texas. Conduct in the Northern District of Texas—or anywhere in Texas, for that matter—thus cannot constitute a substantial part of Plaintiffs' claim for injunctive relief, the sole remedy for the only federal claim they present.

### C.  The Appropriate Remedy Under 28 U.S.C. § 1406(a) is Dismissal, not Transfer

Having established that venue in the Northern District of Texas is improper, the Court must determine the appropriate remedy. "The district court of a district in which is filed a case lying venue in the wrong division or district *shall dismiss*, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). Courts in the Fifth Circuit have dismissed cases under Section 1406(a) based on the age and development of the case and other similar factors. *See, e.g.*, *Everetts v. Allen Police Dep't*, No. 3:26-CV-870-L-BK, 2026 U.S. Dist. LEXIS 96516, at *3 (N.D. Tex. Mar. 27, 2026) (concluding that the interests of justice did not support transfer, considering the relative infancy of the case and the failure of the complaint to comply with pleading requirements).

The procedural history in this matter is highly relevant to whether transfer to a proper venue is in the "interest of justice." 28 U.S.C. § 1404(a). As explained in WPATH's concurrently filed Motion to Dismiss, the FTC issued a Civil Investigative Demand ("CID") to WPATH in January 2026. WPATH then sued the FTC in the U.S. District Court for the District of Columbia, which granted a preliminary injunction, finding the CID violated WPATH's First Amendment rights. *WPATH v. FTC*, No. 26-cv-532 (JEB), 2026 WL 1257321 (D.D.C. May 7, 2026). Six weeks later, the FTC and four states (Alaska, Iowa, Nebraska, and Texas) filed the instant enforcement action

against WPATH. Just five days after filing the Texas complaint, the FTC withdrew the CID, stating that it was "no longer . . . necessary." ECF 43-1 (D.D.C.). Yet, the overlap between the CID and the Texas complaint is undeniable. ECF 38 at 12. It is thus clear that the FTC initiated the Texas action after, and because of, the unfavorable rulings from the D.C. District Court.

This Court should not reward the FTC's strategic decision to select an improper venue for the sole purpose of escaping an unfavorable ruling from the D.C. District Court holding that the FTC was likely violating WPATH's First Amendment rights and enjoining the FTC from seeking the very documents it will likely attempt to access through discovery in this matter. Instead, this Court should dismiss this matter, particularly given the infancy of the case and the lack of adherence to procedural rules by the FTC, a sophisticated government agency that is well-versed in venue requirements. *See Everetts*, 2026 U.S. Dist. LEXIS 96516 at *3.

### D. If the Court Determines That Transfer is in the "Interest of Justice," This Matter Should Be Transferred to the D.C. District Court or the Northern District of Illinois

If the Court determines that transfer, not dismissal, is the appropriate remedy to address the FTC's decision to file suit in an improper venue, the only viable transfer options are the D.C. District Court or the Northern District of Illinois. The D.C. District Court would be an appropriate venue for transfer because Judge Boasberg is already familiar with the dispute between the parties and the FTC is headquartered in D.C. To the extent the Court is inclined to allow this action to proceed separate from the D.C. action, the only proper venue—*i.e.*, the only venue that has personal jurisdiction over WPATH—is the Northern District of Illinois, where WPATH is incorporated and headquartered, where its management company employs individuals who perform work on behalf of WPATH, and where its operations occur. WPATH Decl. ¶¶ 4–6.

Thus, if the Court declines to dismiss this matter for improper venue, WPATH respectfully requests that the Court transfer this matter to one of the following venues: (1) the D.C. District

8

Court, or (2) the Northern District of Illinois.

### III.     If the Court Determines that Venue is Proper in the Northern District of Texas, the Court Should Transfer This Matter Under 28 U.S.C. § 1404(a)

Transfer under 28 U.S.C. § 1404(a) is proper if the moving party "clearly establishes good cause" by "demonstrating that a transfer is for the convenience of the parties and witnesses, in the interest of justice." *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024). To establish "good cause," a movant must show (1) that the marginal gain in convenience will be significant, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will actually materialize in the transferee venue. *See id.* In assessing whether the movant has carried its burden, the district court must consider the following private-interest and public-interest factors. *See In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of a compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *See Clarke*, 94 F.4th at 509. The public interest factors are: (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict-of-laws or in the application of foreign law. *See id.*

Section 1404(a) was "designed to remedy the evils of forum shopping." *Torres v. S.S. Rosario*, 125 F. Supp. 496, 497 (S.D.N.Y. 1954). Where a Court finds "obvious" forum-shopping, "transfer is appropriate regardless of any other considerations." *Gabet v. Amazon.com, Inc.*, No. 22-cv-35, 2022 WL 4078442, at *15–16 (N.D. Ind. Sept. 6, 2022).

#### A.  The FTC's Forum Shopping Warrants Transfer

This matter warrants transfer even without considering the private and public interest

9

factors because the FTC is engaging in inappropriate forum shopping. As discussed at length *supra*, the FTC seeks to avoid adverse outcomes by running to a different court. The fact that the FTC withdrew its CID only five days after filing its Complaint with this Court speaks volumes about the agency's underlying intent. The Court should not entertain the FTC's attempt to engage in improper forum shopping to obtain the same materials through discovery in a separately filed matter that the D.C. District Court has already enjoined it from obtaining through the now-withdrawn CID. Thus, transfer is appropriate on this basis alone, and this matter should be transferred to either the D.C. District Court or the Northern District of Illinois for the reasons articulated above. *Gabet*, 2022 WL 4078442, at *15–16.

### B. The Private and Public Factors Weigh in Favor of Transfer

WPATH advocates for transfer to the D.C. District Court for the obvious and independent reason that pending litigation already exists in that venue between the FTC and WPATH relating to the *same allegations* made by the FTC in both the CID and the Complaint filed in this matter. The claims asserted by the FTC here can be raised as counterclaims or as a consolidated action in the matter pending in the D.C. District Court. This will provide the FTC with access to sources of proof, a compulsory process to secure the attendance of witnesses, and adequate means to address other practical problems that make trial of a case easy (private factors 1, 2, 4), as the FTC's attorneys are present in D.C. and that is traditionally where it is subject to jurisdiction. All federal courts are equally equipped to interpret and apply the claims the FTC brings here, including violations of the FTC Act and state-law analogues (public factors 7-8). In addition, the FTC's claims have effects only in states that continue to permit transgender healthcare for youth; as Texas has already prohibited this type of care, it has no interest in litigating this matter.

To the extent the Court determines that the private and public factors do not weigh in favor of transfer to the D.C. District Court, the factors most certainly support a transfer to the Northern

District of Illinois. Importantly, WPATH is incorporated in Illinois, its headquarters are in the Northern District of Illinois, and its operations are conducted out of the Northern District of Illinois, making access to sources of proof, the availability of witnesses, and the cost of attendance for witnesses most favorable in the Northern District of Illinois (private factors 1-4). *See* WPATH Decl., ¶¶ 4–6. Moreover, as WPATH's physical presence is in Illinois, the Northern District of Illinois has a local interest in deciding claims relating to WPATH at home (public factor 6). Importantly, WPATH's business records and operations are located in Illinois and many of the individuals employed by its management company who perform work on behalf of WPATH reside in Illinois. Finally, as with the D.C. District Court, all federal courts are equally equipped to interpret and apply the types of claims the FTC advances here, including violations of the FTC Act and state-law analogues (public factors 7-8). Thus, a transfer to the Northern District of Illinois is appropriate in the event the Court determines that a transfer to the D.C. District Court is not.

## CONCLUSION

For these, WPATH respectfully requests that the Court dismiss this matter under Rule 12(b)(2), 12(b)(3) and 28 U.S.C. § 1406(a) because the Northern District of Texas is an improper venue or, if the Court determines that it is in the interest of justice, transfer this matter to the D.C. District Court or the Northern District of Illinois. In the alternative, if the Court determines that venue in the Northern District of Texas is proper, WPATH respectfully requests that the Court transfer this matter to the D.C. District Court or the Northern District of Illinois for good cause pursuant to 28 U.S.C. § 1404(a).

11

Dated: July 28, 2026                                        Respectfully Submitted,


/s/ Sarah Cummings Stewart                    /s/ Caleb Hayes-Deats*

Sarah Cummings Stewart                        Caleb Hayes-Deats*
**REED SMITH LLP**                            Abbe David Lowell [DC Bar No. 358651]
2850 N. Harwood Street, Suite 1500            Schuyler J. Standley*
Dallas, TX 75201                              LOWELL & ASSOCIATES, PLLC
Tel: (469) 680-4200                           1250 H Street, N.W., Suite 250
Fax: (469) 680-4299                           Washington, DC 20005
sarah.stewart@reedsmith.com                   T: (202) 964-6110
                                              F: (202) 964-6116
                                              ALowellpublicoutreach@lowellandassociates.com
R. Jeffrey Layne                              CHayes-Deats@lowellandassociates.com
**REED SMITH LLP**                            SStandley@lowellandassociates.com
401 Congress Avenue, Suite 1800
Austin, TX 78701                              *Pro hac vice* motion pending
Tel: (512) 623-1801
Fax: (512) 623-1802
jlayne@reedsmith.com


*Attorneys for Defendant WPATH*

12

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7.1, the undersigned hereby certifies that Defendants and Plaintiffs conferred via videoconference regrading this Motion on July 27, 2026. For Plaintiffs, counsel Jonathan Cohen, Michael Dingman, Cooper Vaughan, Luke Weadock, Sean Oehrlein, David Bizar, and Benjamin Swanson participated. For Defendants, counsel Sarah Cummings Stewart, Jeff Layne, Kristin Parker, Caleb Hayes-Deats, and Schuyler Standley participated. Following discussion of Defendants' bases for seeking the relief described herein, Plaintiffs indicated they remain opposed to the relief sought in this Motion.

*/s/ Sarah Cummings Stewart*
Sarah Cummings Stewart

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on July 28, 2026, a true and correct copy of the foregoing document was filed with the Clerk of Court via the CM/ECF system, causing it to be served electronically on all counsel of record.

*/s/ Sarah Cummings Stewart*
Sarah Cummings Stewart

13