**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH, INC., a Texas corporation, *et al.*, <br><br> *Defendants*. | Case No. 4:26-cv-00748-O |

**MOTION FOR THE COMMONWEALTH OF MASSACHUSETTS AND THE STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, ILLINOIS, MAINE, MARYLAND, MICHIGAN, MINNESOTA, NEVADA, NEW YORK, OREGON, RHODE ISLAND, VIRGINIA, VERMONT, AND WASHINGTON, AND THE DISTRICT OF COLUMBIA FOR LEAVE TO FILE A MEMORANDUM OF LAW AS AMICI CURIAE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Under Rule 7 of the Federal Rules of Civil Procedure and Local Rule 7.2(b), the Commonwealth of Massachusetts and the States of California, Colorado, Connecticut, Delaware, Illinois, Maine, Maryland, Michigan, Minnesota, Nevada, New York, Oregon, Rhode Island, Virginia, Vermont, and Washington, and the District of Columbia (Amici or Amici States) respectfully move for leave to file a brief as amici curiae in the above-captioned case in support of Defendant's motion to dismiss. For the reasons described below, Amici States' proposed brief contains relevant material that may aid the Court in resolving the issues raised by defendant's motion. Counsel for the parties have been consulted regarding this motion; plaintiffs oppose this motion, and defendant does not oppose.

Amici States have a substantial interest in this case. Amici States are the primary regulators of medicine within their borders, working to ensure that safe and effective medical care is available

to their residents and that practitioners are held to the high standards necessary to provide such care. Pursuant to those well-established police powers, each of the Amici States has chosen to permit transgender healthcare for adolescents. Indeed, in many Amici States, transgender healthcare is explicitly protected by statute and regulation. In this case, the FTC is improperly inserting itself into an area traditionally reserved to the states by attempting to impose liability on a third party, WPATH, based on its medical guidance.

The attached brief explains that Amici States have exercised their power to regulate medicine to protect vulnerable groups against discrimination, including discrimination on the basis of transgender status, and ensure equal access to critical healthcare, including transgender healthcare. The brief highlights that states are constitutionally permitted to make these decisions without federal interference. The brief then explains that the FTC aims to enjoin standards of care that are applicable *only* to activity that takes place in states like Amici States, thereby undermining the Amici States' independent authority to protect the health and safety of their residents, replacing considered policy judgments with the preferences of federal bureaucrats.

As Amici describe in their brief, while this particular case is about the provision of healthcare to transgender youth, it will have ramifications far beyond that context. At bottom, a federal agency is trying to pressure a major medical organization to change its clinical recommendations because the Administration of the day disfavors them. If that effort succeeds, it will have significant downstream effects on patient health and forward-looking research in other medical fields for years to come. The information from Amici's own experiences as regulators of medicine, and as states that permit transgender healthcare for adolescents, will assist this Court in assessing Defendant WPATH's arguments, especially as they relate to federalism, in support of its motion to dismiss.

**CONCLUSION**

The Court should grant Amici Curiae leave to file the attached brief in support of Defendant

WPATH's motion to dismiss.

Dated: August 5, 2026

Respectfully submitted,

ANDREA JOY CAMPBELL
*Attorney General*
*Commonwealth of Massachusetts*

/s/ Morgan Blair Carmen*
MORGAN BLAIR CARMEN
*Assistant Attorney General*
MA Bar No. 716769

Allyson Slater
*Director, Reproductive Justice Unit*
Adam M. Cambier
*Assistant Attorney General*
Office of the Massachusetts Attorney General
1 Ashburton Place
Boston, MA 02108
(617) 963-2904
allyson.slater@mass.gov
adam.cambier@mass.gov
morgan.carmen@mass.gov

*Pro hac vice application is pending*

*(List of counsel continues on next page)*

ROB BONTA
*Attorney General of California*
1300 I St.
Sacramento, CA 95814


PHILIP J. WEISER
*Attorney General of Colorado*
1300 Broadway, 10th Floor
Denver, CO 80203


WILLIAM TONG
*Attorney General of Connecticut*
165 Capitol Ave.
Hartford, CT 06106


KATHLEEN JENNINGS
*Attorney General of Delaware*
820 N. French St.
Wilmington, DE 19801


BRIAN L. SCHWALB
*Attorney General of the*
*District of Columbia*
400 6th St. NW
Washington, DC 20001


KWAME RAOUL
*Attorney General of Illinois*
115 South LaSalle St.
Chicago, IL 60603


AARON M. FREY
*Attorney General of Maine*
6 State House Station
Augusta, ME 04333


ANTHONY G. BROWN
*Attorney General of Maryland*
200 St. Paul Place, 20th Floor
Baltimore, MD 21202


DANA NESSEL
*Attorney General of Michigan*
P.O. Box 30212
Lansing, Michigan 48909

KEITH ELLISON
*Attorney General of Minnesota*
102 State Capitol
75 Rev. Dr. Martin Luther King Jr. Blvd.
St. Paul, MN 55155


AARON D. FORD
*Attorney General of Nevada*
100 North Carson Street
Carson City, NV 89701


LETITIA JAMES
*Attorney General of New York*
28 Liberty St.
New York, NY 10005


DAN RAYFIELD
*Attorney General of Oregon*
1162 Court St. NE
Salem, OR 97301


PETER F. NERONHA
*Attorney General of Rhode Island*
150 South Main Street
Providence, RI 02903


CHARITY R. CLARK
*Attorney General of Vermont*
109 State St.
Montpelier, VT 05609


JAY JONES
*Attorney General of Virginia*
202 North Ninth Street
Richmond, Virginia 23219


NICHOLAS W. BROWN
*Attorney General of Washington*
P.O. Box 40100
Olympia, WA 98504

**CERTIFICATE OF CONFERENCE**

1.  On August 3, 2026, Attorneys Morgan Blair Carmen, Allyson Slater, and Adam M. Cambier, counsel for movants, conferred via email with counsel for FTC. Counsel for FTC requested a videoconference. On August 4, 2026, at 11:00am, attorneys for movants conferred via videoconference with counsel for the FTC plaintiff, with the following counsel for FTC: Jonathan Cohen, Ross Vaughan, Christopher Mufarrige, Michael Dingman, Luke Weadock, Michelle Watchorn, and Sean Oehrlein. On the videoconference, FTC's counsel indicated that their consent to the motion depended on various matters of dispute between defendant and plaintiffs, over which counsel for movants have no authority (such as movants working to obtain consent from the defendant on plaintiffs' motions seeking an extension of deadlines for responsive pleadings and further amendments to their complaint). Counsel for movants stated that they did not have the authority to obtain consent from defendants on the matters in dispute between plaintiffs and defendant, and that, unless movants' counsel heard otherwise, the FTC's opposition to the motion would be noted. Counsel for FTC suggested a subsequent meeting with counsel for movants and all parties to further confer regarding the motion, to which counsel for movants were initially receptive, but as of filing, counsel for movants had not received any date or time from FTC counsel regarding such a meeting. On August 4 at 4:48pm, counsel for movants again emailed counsel for FTC requesting FTC's position on the anticipated motion. Counsel for movants received a response from counsel for FTC mentioning a meeting without any date or time. On August 5, at 11:16am, counsel for movants again emailed counsel for FTC requesting FTC's position on the anticipated motion. By 1:00pm ET on August 5, counsel for movants and for FTC had been unable to reach agreement on the motion.

2.  On August 4, 2026, Attorney Carmen contacted counsel for the State plaintiffs (Alaska, Iowa, Nebraska, and Texas) regarding the anticipated motion, and requested their assent to the motion or an opportunity to confer on August 5, 2026. As of 1:00pm ET on August 5, counsel for Texas and Iowa had not provided their position on the motion. They did state that they were available to confer on the motion on a later date, but that they could not confer on the motion on August 5. As of 1:00pm ET on August 5, 2026, counsel for Alaska and Nebraska had not responded.

Dated: August 5, 2026                    _/s/ Morgan Blair Carmen____
                                         MORGAN BLAIR CARMEN


**CERTIFICATE OF SERVICE**

I, Morgan Blair Carmen, hereby certify that on August 5, 2026, I electronically filed this motion with the Court using the CM/ECF system, which will automatically send copies to any attorney of record in the case.

Dated: August 5, 2026                    _/s/ Morgan Blair Carmen____
                                         MORGAN BLAIR CARMEN