**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH, INC., a Texas corporation, *et al.*,<br><br>Defendants | Case No. 4:26-cv-00748-O<br><br>**BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER VENUE** |

**Table of Contents**


Introduction ....1

Background ....2

Legal Standard and Framework ....4

Argument ....5

I. WPATH's Motion to Dismiss Should Be Denied Because Venue Is Proper in the Northern District of Texas. ....5

A. This Court Has Personal Jurisdiction Over WPATH for the FTC Act Claims Because WPATH Has Minimum Contacts with the United States. ....5

B. A Substantial Part of the Events or Omissions Giving Rise to This Lawsuit Occurred in the Northern District of Texas, Making Venue Proper. ....6

II. The Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) Should be Denied. ....7

A. WPATH Is Not Meaningfully Connected to Illinois or Washington, D.C. ....9

B. Neither Illinois nor D.C. Is More Accessible to Witnesses. ....10

C. The Northern District of Texas Is Less Congested Than WPATH's Preferred Venues. ....11

D. Plaintiffs Are Not Engaged in Forum Shopping. ....12

III. Relief ....12

Conclusion ....12

# Table of Authorities

**Cases**

*Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233 (5th Cir. 2009) ........ 4

*Braspetro Oil Servs. Co. - Brasoil v. Modec (USA), Inc.*, 240 F. App'x 612 (5th Cir. 2007) ........ 4

*Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255 (5th Cir. 1994) ........ 4, 5

*Bellaire Gen. Hosp. v. Blue Cross Blue Shield*, 97 F.3d 822 (5th Cir. 1996) ........ 5

*Canaday v. Anthem Companies, Inc.*, 9 F.4th 392 (6th Cir. 2021) ........ 5

*D2L Ltd. v. Blackboard, Inc.*, 671 F. Supp. 2d 768 (D. Md. 2009) ........ 10

*Def. Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022) ........ 5

*FTC v. Bay Area Bus. Council, Inc.*, No. 02 C 5762, 2003 WL 21003711 (N.D. Ill. May 1, 2003) ........ 5,6

*FTC v. Big Dog Solutions LLC*, No. 16-cv-6607, 2016 WL 5391391 (N.D. Ill. Sept. 27, 2016) ........ 8, 10

*FTC v. Cleverlink Trading Ltd.*, No. 05 C 2889, 2006 WL 1735276 (N.D. Ill. June 19, 2006) ........ 6

*FTC v. Mallett*, 818 F. Supp. 2d 142 (D.D.C. 2011) ........ 5

*FTC v. Navestad*, No. 09-CV-6329T, 2010 WL 743899 (W.D.N.Y. Feb. 25, 2010) ........ 6

*FTC v. Neora LLC*, 2023 WL 8446166 (N.D. Tex. Sept. 28, 2023) ........ 7

*Hathcock v. BNSF Ry. Co.*, No. 3:13-cv-00230, 2014 WL 1660633 (E.D. Ark. Apr. 24, 2014) ........ 10

*In re Chamber of Com. Of United States of Am.*, 105 F.4th 297 (5th Cir. 2024) ........ 8

*In re Clarke*, 94 F.4th 502 (5th Cir. 2024) ........ 5, 8

*In re TikTok, Inc.*, 85 F.4th 352 (5th Cir. 2023) ........ 7, 8, 11

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) ........ 4, 8

*Insp. Leasing Inc. v. Tavas LLC*, 2024 WL 4329035 (W.D. Tex. Aug. 30, 2024) ........ 6

*Luallen v. Higgs*, 277 Fed. App'x 402 (5th Cir. 2008) .................. 5

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) .................. 12

*Peacock v. Pace Int'l Union Pension Fund Plan*, 2007 WL 4403689 (M.D. Tenn. Aug. 23, 2007) .................. 10

*Salinas v. O'Reilly Auto., Inc.*, 358 F. Supp. 2d 569 (N.D. Tex. 2005) .................. 13

*Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159 (5th Cir. 1987) .................. 8

*SEC v. Electronics Warehouse, Inc.*, 689 F. Supp. 53 (D. Conn. 1988) .................. 8

*Snelling Empl., LLC v. Doc Johnson Enters.*, 2018 WL 3659067 (N.D. Tex. Aug. 2, 2018) .................. 6

*Terra Int'l v. Mississippi Chem. Corp.*, 119 F.3d 695 (8th Cir. 1997) .................. 8

*Tr. Co. of Louisiana v. N.N.P. Inc.*, 104 F.3d 1478 (5th Cir. 1997) .................. 5

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) .................. 7

*Waltham Watch Co. v. FTC*, 318 F.2d 28 (7th Cir. 1963) .................. 7

**Statutes**

15 U.S.C. § 53 .................. 1, 3, 4, 5, 7

28 U.S.C. § 1391 .................. 3, 4, 6

28 U.S.C. § 1404 .................. 4, 7, 10, 11, 12

28 U.S.C. § 1406 .................. 4, 12

# **Introduction**

From the filing of the Federal Trade Commission's complaint in this Court, WPATH has made one thing clear: It is willing to litigate this case *anywhere but here*. It first asked a district court in Washington, D.C., to enjoin this litigation. TRO Motion, ECF No. 45, *WPATH v. FTC*, No. 26-00532-JEB (D.D.C. June 30, 2026). That gambit was declined. Order, ECF No. 58, *WPATH v. FTC*, No. 26-00532-JEB (D.D.C. July 10, 2026). WPATH now asks this Court to transfer this case back to D.C., or maybe to Chicago, or maybe to a different Texas district court down the road. Anywhere but here.

But venue is appropriate in this Court.

WPATH argues that this Court lacks personal jurisdiction over it because WPATH lacks minimum contacts with the Northern District of Texas. This is wrong. The FTC is proceeding under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), which authorizes nationwide service of process. The relevant inquiry for personal jurisdiction in such a case is whether the defendant has minimum contacts with the United States, not with any particular district. WPATH does not dispute that has the requisite minimum contacts with the United States, making venue in this district proper.

WPATH's arguments in favor of transfer to another venue are equally unavailing. WPATH has been incorporated in Texas since 1980. WPATH suggests that its headquarters and principal place of business is in East Dundee, Illinois. WPATH's Memorandum in Support of it Motion to Dismiss or Transfer, ECF No. 55 at 1, 5 (the "Memorandum"). But its claims are replete with inaccuracies and half-truths. WPATH has consistently represented to the Internal Revenue Service that its domicile is Texas, not Illinois. And WPATH's does not have "headquarters" in Illinois as ordinary speakers of English would use that term. It maintains neither an office, nor employees, nor operations in East Dundee. *See* ECF No. 55-1, Decl. Leo Lewis ("Lewis Decl.) ¶ 6

("WPATH . . . does not directly employ any individuals."). The address WPATH identifies as its principal place of business is the office of Veritas—a management company specializing in providing services to medical organizations. Indeed, 30 medical organizations also list Veritas's address as their own. *See* Ex. 1, Declaration of Jay Bugbee ("Bugbee Decl.") ¶ 12. And, in any event, these loose connections to Illinois are meaningless even to WPATH. When it previously sued the FTC over compulsory process issued in the investigation leading up to this litigation, it sued in D.C. rather than Illinois despite having no physical presence or business operations there.

Venue is lawful and appropriate in the Northern District of Texas. This Court should not reward WPATH's desperate attempt to forum-shop its way out of this Court. The motion should be denied.

## Background

### I. WPATH

WPATH is an active Texas domestic corporation, with a registered agent and a registered office in Texas. Am. Compl., ECF No. 70 at ¶ 34. It was incorporated in Texas in 1980. Lewis Decl. ¶ 34; Mem. at 1. After terminating that status in 2020, WPATH sought and obtained reinstatement in 2023. Lewis Decl. ¶ 3. WPATH's current bylaws state that it is a Texas corporation. *Id.* Its most recent public tax filings claim WPATH's "state of legal domicile" is Texas and nowhere else. Bugbee Decl. ¶ 10 (citing 2024 IRS 990 form). WPATH was also incorporated in Illinois in 2017. Lewis Decl. ¶ 4. But when contesting jurisdiction in a Montana lawsuit in 2024, WPATH argued: "WPATH is incorporated in Texas[.]" Bugbee Decl. ¶ 11. It did not claim incorporation in any other state. *See id.*

WPATH does not have any employees and its only known addresses belong to a third-party management company or registered agents. Lewis Decl. ¶¶ 5, 6, Ex. 5; Am. Compl. ¶¶ 34, 42. WPATH's "Executive Director," Leo Lewis, does not reside in Illinois and is actually employed

by a third-party contractor named Veritas, which is not a defendant in this action. Lewis Decl. ¶¶ 1, 6. Veritas, which lists over 30 clients on its website, has an Illinois address. Bugbee Decl. ¶ 12. It seems implausible that dozens of medical associations all conduct meaningful business from this single office. WPATH's board members are scattered across the globe. Lewis Decl. ¶ 7. WPATH does not have any more physical operations in Illinois than in Texas or anywhere else.

## II. Plaintiffs Sue WPATH

Plaintiffs sued WPATH in June 2026 (the "Enforcement Action") for giving clinicians the means to deceive children and their parents about pediatric medical transition. The complaint charges violations of the Federal Trade Commission Act and the consumer protection laws of Texas, Alaska, Iowa, and Nebraska. Its allegations are discussed in Plaintiffs' Mem. in Opp. to Mot. Dismiss. This suit rests on a detailed complaint, backed by sworn declarations from victims and witnesses. Three of these declarations describe misrepresentations made in Texas to local children and their families. *See* Am. Compl., Exs. 1–3.

Plaintiffs named three entities as defendants in the Enforcement Action: WPATH of Texas, WPATH of Illinois, and USPATH. WPATH treats the former two entities as though they are one and the same. *See* Lewis Decl. ¶¶ 3–4. USPATH is an unincorporated entity formed under WPATH's bylaws.[1] Am. Compl. ¶¶ 36, 48. USPATH has its own Board of Directors. Am. Compl. ¶ 19. WPATH has not disclosed the directors' domiciles.

Plaintiffs served WPATH in Texas via WPATH's registered agent (ECF No. 25; Am. Compl. ¶ 34) and in New York via WPATH's president (ECF No. 26; Am. Compl. ¶ 44). WPATH

---

[1] 28 U.S.C. § 1391(d) by its terms governs "a defendant that is a corporation." USPATH is unincorporated, Compl. ¶¶ 36, 48, so its residence is governed by Section 1391(c)(2) without that qualification, and it resides in any district where it is subject to personal jurisdiction—which, under 15 U.S.C. § 53(b), is every district in the United States.

claims it was served in Illinois, but that is false. *Compare* Mem. at 1 *with* ECF Nos. 25–27. Plaintiffs served USPATH's president in California. ECF No. 27; Am. Compl. ¶ 48.

**<u>Legal Standard and Framework</u>**

While WPATH exclusively focuses on the general federal venue statute, 28 U.S.C. § 1391, the FTC may bring suit pursuant to the FTC Act's special venue provision, which allows the agency to sue, as relevant here, wherever a defendant "resides." 15 U.S.C. § 53(b)(2). A corporate defendant "shall be deemed to reside" in "any judicial district in which such defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(c)(2). The FTC Act provides nationwide personal jurisdiction over a domestic corporation through its nationwide service of process provision. 15 U.S.C. § 53(b)(2); *see Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994).

Under Section 1406(a), a court may dismiss or transfer the case to another district if it finds venue is improper. *See* 28 U.S.C. § 1406(a). On such a motion, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. - Brasoil v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). A venue motion permits the court to consider evidence outside the pleadings. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009).[2]

A court may also transfer venue for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). But plaintiffs are generally entitled to their choice of venue, which "places a significant burden on the movant to show good cause for the transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) (en banc). Thus, "[i]t is the

[2] WPATH also seeks dismissal under Rule 12(b)(2). *See* Mem. at 1, 11. As discussed *infra* § I.A., this argument fails because Court has personal jurisdiction over WPATH.

movant's burden—and the movant's alone—to 'adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice.'" *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (quoting *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022)).

## Argument

### I. WPATH's Motion to Dismiss Should Be Denied Because Venue Is Proper in the Northern District of Texas.

Venue is proper in the Northern District of Texas based on two independent grounds: the FTC's special venue statute and the "substantial events" test.

#### A. This Court Has Personal Jurisdiction Over WPATH for the FTC Act Claims Because WPATH Has Minimum Contacts with the United States.

The FTC Act's nationwide service of process section provides personal jurisdiction over WPATH in every district in the United States, including this one. The FTC Act "provide[s] for nationwide service on defendants and personal jurisdiction over them in any federal district court in the country." *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 398 (6th Cir. 2021) (citing 15 U.S.C. §§ 53(a), (b)). When such a provision exists, a court has personal jurisdiction so long as "the defendant had minimum contacts with the United States." *Busch*, 11 F.3d at 1258.[3] And where a defendant resides in the United States, such minimum contacts exist. *See Luallen v. Higgs*, 277 Fed. App'x at 404 (affirming the Northern District of Texas's exercise of personal jurisdiction over Nevada residents under nationwide service of process provision). This principle has been repeatedly applied in FTC Act actions. *See, e.g.*, *FTC v. Mallett*, 818 F. Supp. 2d 142, 147 (D.D.C. 2011); *FTC v. Bay Area Bus. Council, Inc.*, No. 02 C 5762, 2003 WL 21003711, at *2 (N.D. Ill.

[3] While one panel questioned *Busch*, *see Bellaire Gen. Hosp. v. Blue Cross Blue Shield*, 97 F.3d 822, 826 (5th Cir. 1996), the Fifth Circuit "dutifully appl[ies]" it, *id.; see also Tr. Co. of Louisiana v. N.N.P. Inc.*, 104 F.3d 1478, 1486–87 (5th Cir. 1997); *Luallen v. Higgs*, 277 F. App'x 402, 405 (5th Cir. 2008).

May 1, 2003); *FTC v. Navestad*, No. 09-CV-6329T, 2010 WL 743899, at *1 (W.D.N.Y. Feb. 25, 2010).

For venue purposes, a corporate defendant resides in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). And it may be sued where it resides. *Id.* § 1391(b)(1). As a result, a domestic corporate defendant may be sued under the FTC Act in any judicial district. *See Bay Area Bus. Council, Inc.*, 2003 WL 21003711 at *2; *FTC v. Cleverlink Trading Ltd.*, No. 05 C 2889, 2006 WL 1735276, at *4 (N.D. Ill. June 19, 2006).

The FTC Act's nationwide service of process provision, 15 U.S.C. § 53(b), gives this Court personal jurisdiction over WPATH. It is an American corporation, and so it resides in the Northern District of Texas by virtue of the existence of personal jurisdiction. 28 U.S.C. § 1391(c)(2). Venue here is proper under 28 U.S.C. § 1391(b)(1).

### B. A Substantial Part of the Events or Omissions Giving Rise to this Lawsuit Occurred in the Northern District of Texas, Making Venue Proper.

In determining whether a substantial part of events or omissions occurred in a district for purposes of venue under section 1391(b)(2), "[t]he test is not whether a majority of the activities pertaining to the action were performed in a particular district, but rather, whether a substantial portion of the activities giving rise to the action occurred in the district." *Insp. Leasing Inc. v. Tavas LLC*, 2024 WL 4329035, at *4 (W.D. Tex. Aug. 30, 2024). "Venue is proper in a district where a substantial part of the events took place . . . even if there are other venues where more, or even the most, substantial activities took place." *Snelling Empl., LLC v. Doc Johnson Enters.*, 2018 WL 3659067, at *3 (N.D. Tex. Aug. 2, 2018) (cleaned up). Plaintiffs alleged that a substantial part of the events or omissions giving rise to this action occurred in the Northern District of Texas. SOC-8 was signed by at least one co-author affiliated with the University of Texas Southwestern Medical

Center, which is located in this District. ECF No. 53 at 6 (citing SOC-8 at S1–S3). And, as alleged in the Amended Complaint, events occurred in this District that resulted in significant harm to children. For example, Cassidy Andrews received treatment at GENECIS, a pediatric transition clinic in Dallas. Am. Compl. Ex. 2 at ¶¶ 12–24. A psychologist there persuaded her parents to consent to the treatment at least in part by advising them that WPATH recommended it. *See id.* ¶ 18.

These are not the actions of mere "third parties." Mem. at 6. "WPATH's deceptive statements provide clinicians with the means and instrumentalities to mislead consumers," Am. Compl. ¶ 324, and that clinicians have used these statements to deceive consumers in this District, Am. Compl. ¶¶ 198, 327, 338. Under the FTC Act, defendants are responsible for promotional materials they "put into the hands of others" by which "they mislead the public." *FTC v. Neora LLC*, 2023 WL 8446166, at *30 (N.D. Tex. Sept. 28, 2023) (quoting *Waltham Watch Co. v. FTC*, 318 F.2d 28, 32 (7th Cir. 1963)).

Nor is it relevant that state law now bans the medical transition of minors in Texas. *See* Mem. at 6–7. The question for venue is whether events occurred in the district giving rise to the lawsuit, not whether injunctive relief is appropriate, and WPATH cites no contrary authority.

**II. The Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) Should Be Denied.**

WPATH's request for transfer under 28 U.S.C. § 1404(a) should be denied because WPATH fails to satisfy its burden to establish that either the District of Columbia District Court or the Northern District of Illinois is a "clearly more convenient" forum than this Court.

Section 1404(a) permits transfer "[f]or the convenience of parties and witnesses, in the interest of justice." Courts only grant such a motion where "the movant demonstrates that the transferee venue is clearly more convenient." *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023) (quotation omitted); *see also Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964) (court should

not transfer case to "a forum likely to prove equally convenient"); *In re Clarke*, 94 F.4th at 508 ("good cause" "standard is not met if the movant merely shows that the transferee venue 'is more likely than not to be more convenient'"). The considerations are:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*In re TikTok, Inc.*, 85 F.4th at 358 (cleaned up). The first four factors are considered "private interest" and the latter four, "public interest." *In re Volkswagen of Am., Inc.*, 545 F.3d at 315.

Courts give "considerable deference to a plaintiff's choice of forum." *Terra Int'l v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997); *accord In re Chamber of Com. Of United States of Am.*, 105 F.4th 297, 302 (5th Cir. 2024) ("deference is given to a plaintiff's initial choice of venue"); *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987) ("the plaintiff's choice of forum should rarely be disturbed"). This is particularly so in instances where "the Plaintiffs' chosen forum was selected pursuant to a special venue statute which 'represents an affirmative congressional policy choice to allow . . . the widest possible choice of forums in which to sue.'" *FTC v. Big Dog Solutions LLC*, No. 16-cv-6607, 2016 WL 5391391, at *2 (N.D. Ill. Sept. 27, 2016) (quoting *SEC v. Electronics Warehouse, Inc.*, 689 F. Supp. 53, 75 (D. Conn. 1988)). Plaintiffs rely on such a statute here. *See supra* § I.A.

WPATH argues the interests weigh in favor of transfer to either the District of Columbia or the Northern District of Illinois. Mem. at 10–11.[4] But WPATH concedes that factors 7 and 8 are

[4] WPATH mentions in a footnote that its "only contacts in Texas are in the Western District." Mem. at 4 n.1. To the extent it implies this action should be transferred there, it offers no justification for

neutral and do not favor any venue. Mem. at 11. And the remaining public and private factors weigh *against* those venues, particularly with regard to witness convenience and court congestion, or are at a minimum neutral.

**A. WPATH Is Not Meaningfully Connected to Illinois or Washington, D.C.**

WPATH argues the public and private factors generally support a transfer to the Northern District of Illinois because that is where "WPATH is incorporated and headquartered, where its management company employs individuals who perform work on behalf of WPATH, and where its operations occur." Mem. at 8. WPATH is not headquartered in Illinois in any real sense. Its alleged "principal place of business" in East Dundee, IL, belongs to a third-party management company, Veritas. *See* Lewis Decl. ¶¶ 5–6. WPATH does not identify *anyone* who performs work for it out of that location, much less explain why their testimony would be needed here. *See id.* ¶ 1. WPATH's claim to store "business records" in East Dundee (as opposed to in a digital format available anywhere) strains credulity. *See* Mem. at 11. Plus, WPATH has consistently publicly claimed that Texas, not Illinois, is its domicile, since 1980. *See supra* at 2.

Transferring this litigation to the Northern District of Illinois does not clearly make "access to sources of proof" easier (Factor 1), nor does the Northern District of Illinois have a "local interest" in deciding claims related to WPATH (Factor 6). By contrast, this District does have a local interest in deciding these claims because WPATH is domiciled here, and has been since 1980, meaning Factor 6 weighs against transfer.

---

such a transfer other than its incorporation there, which it argues elsewhere is irrelevant. As discussed *supra* § I, venue is proper in the Northern District of Texas.

### B. Neither Illinois nor the District of Columbia is More Accessible to Witnesses.

WPATH claims "the availability of witnesses, and the cost of attendance for witnesses [is] most favorable in the Northern District of Illinois," citing all the private factors. *See* Mem. at 11. It does not claim Washington, D.C., is more convenient for witnesses.

Under section 1404(a), it is the movant's burden to identify witnesses it plans to call and summarize their expected testimony. *See Hathcock v. BNSF Ry. Co.*, No. 3:13-cv-00230, 2014 WL 1660633, at *2 (E.D. Ark. Apr. 24, 2014) (quoting *Peacock v. Pace Int'l Union Pension Fund Plan*, 2007 WL 4403689, *10 (M.D. Tenn. Aug. 23, 2007)); *see also Big Dog Solutions LLC*, No. 16-cv-6607, 2016 WL 5391391, at *3. WPATH does not name any witnesses. This alone is grounds to deny its motion. *Id.*

By contrast, Plaintiffs have submitted declarations from third-party witnesses who reside in Texas. *See* Am. Compl., Ex. 1 ¶ 1, Ex. 3 ¶ 1. Crucially, the interests of third-party witnesses are entitled to greater weight than party witnesses because party witnesses "are presumed to be more willing to testify in a different forum." *See D2L Ltd. v. Blackboard, Inc.*, 671 F. Supp. 2d 768, 782 (D. Md. 2009). Plaintiffs have identified 14 additional potential witnesses who are spread throughout the country. *See* Am. Compl., Exs. 2, 4–16. This means witnesses for both parties will need to travel for court proceedings. Both the Northern District of Texas and the Northern District of Illinois are central locations with major airports near the courthouses, making neither more convenient. *See Salinas v. O'Reilly Auto., Inc.*, 358 F. Supp. 2d 569, 572 (N.D. Tex. 2005) (no meaningful difference between Dallas, Texas and Springfield, Missouri for convenience since "both cities are centrally located").

WPATH has failed to meet its burden of proving that the Northern District of Illinois or Washington, D.C. is clearly more convenient for witnesses. And because this District is more convenient for third-party witnesses, and WPATH has not established that the proposed transferee

venues make obtaining other sources of evidence or testimony from other witnesses easier, Factors 2–4 weigh against transfer.

### C. The Northern District of Texas Is Less Congested Than WPATH's Preferred Venues.

The section 1404(a) analysis favors venues with a faster time to trial. *See In re: TikTok*, 85 F.4th at 358 (factors include "practical problems that make trial of a case . . . expeditious" and "administrative difficulties flowing from court congestion"). Neither of WPATH's preferred venues offers this. In fact, they are considerably more congested than this district.

Based on analysis of median months from filing to trial for civil cases in the last six years, time to trial in the Northern District of Texas has been well below the median for all U.S. District Courts, while time to trial in the Northern District of Illinois and the District of Columbia has been higher than the median in each year statistics are available. *See* Bugbee Decl. ¶ 9. For example, in the most recent twelve-month period ending March 31, 2026, the Northern District of Texas had a median time from filing to trial of 28.6 months, while the Northern District of Illinois was at 49.0 months and the District of Columbia was at 59.2 months. *See id.*

| District | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|
| N.D. Texas | n/r | 25.1 | 26.9 | 22.7 | 23.7 | 28.6 |
| National | 26.1 | 32.6 | 35.0 | 35.4 | 33.1 | 34.8 |
| N.D. Illinois | 35.5 | 53.8 | 53.5 | 55.4 | 58.6 | 49.0 |
| D.D.C. | n/r | 45.3 | 53.5 | 52.9 | n/r | 59.2 |

*Table 1. Median Months from Filing to Trial, civil cases only, for twelve-month periods ending March 31. The entry n/r ("not reported") indicates that no median was reported for that period.*

If this case were transferred to either the Northern District of Illinois or the District of Columbia, it could take years more for the case to reach trial, delaying an outcome for all parties. Factor 5 weighs strongly against transfer.

**D. Plaintiffs Are Not Engaged in Forum Shopping.**

Finally, WPATH disregards the actual factors governing transfer and argues instead that this Court should transfer because "the FTC is engaging in inappropriate forum shopping." Mem. at 10. This is wrong. This is a proper venue. WPATH has been incorporated in Texas for decades and is at home here. And Congress has explicitly granted the FTC the authority to sue anywhere in the United States. In any event, it is WPATH that is forum shopping as it desperately seeks to litigate in any forum but the Northern District of Texas.

**III. Relief**

This Court should deny WPATH's venue motion. It cannot dismiss this action under Rule 12(b)(3) because venue is proper. And it should not transfer the action under 28 U.S.C. § 1404(a) because WPATH has not met its burden to show that the factors favor transfer.

The key facts supporting Plaintiffs' choice of venue are undisputed. But if this Court is not inclined to deny the motion in its entirety, Plaintiffs request leave to conduct discovery as to WPATH's contacts and business transactions in Texas, Illinois, and Washington, D.C. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("where issues arise as to . . . venue, discovery is available to ascertain the facts bearing on such issues").

If this Court finds that venue is improper, it should not dismiss the action but rather transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

**Conclusion**

The Court should deny WPATH's venue motion in its entirety.

Dated: August 18, 2026

Respectfully submitted,

Of Counsel

Jonathan Cohen
*Acting Deputy Director*
District of Columbia Bar No. 483454*

/s/ R. Cooper Vaughan
R. Cooper Vaughan
*Senior Counsel to the Director*
Virginia State Bar No. 92580
Glenna Goldis
*Assistant Director for Special Projects*
New York Reg. No. 4868600*
Michael Dingman
*Senior Counsel to the Director*
District of Columbia Bar No. 90001474*
Hans Clausen
*Attorney*
Georgia Bar No. 153250*

Federal Trade Commission
Bureau of Consumer Protection
600 Pennsylvania Avenue, NW
Washington, DC 20580
Fax: (214) 953-3079
E-mail: RVaughan@FTC.gov

*Admitted *pro hac vice*
**Application for admission *pro hac vice* pending

**FOR THE STATE OF ALASKA**:

CORI M. MILLS
*Acting Attorney General of Alaska*

Charles J. Gartland
*Civil Division Director*
Alaska Bar No. 2509064*
Alaska Dept. of Law
1031 W. 4th Ave.
Suite #200
Anchorage, AK 99501
Telephone: (907) 269-5100
Fax: (907) 269-5100
E-mail: charles.gartland@alaska.gov

*Admitted *pro hac vice*

Attorney for Plaintiff
STATE OF ALASKA

**FOR THE STATE OF IOWA**:

BRENNA BIRD
*Attorney General of Iowa*

Eric Wessan

_______________________
Eric H. Wessan
*Solicitor General*
Iowa Attorney General's Office
Iowa Bar Pin: AT0014313
1305 E. Walnut St.
2d Floor
Des Moines, IA 50263
Telephone: (515) 823-9117
E-mail: eric.wessan@ag.iowa.gov

Attorney for Plaintiff
STATE OF IOWA

**FOR THE STATE OF NEBRASKA**:

MICHAEL T. HILGERS
*Attorney General of Nebraska*

______________________________
Benjamin J. Swanson (pro hac vice forthcoming)
Nebraska Bar No. 27675
*Assistant Attorney General*
Erik W. Fern
*Deputy Bureau Chief*
Nebraska Bar No. 23733*
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, Nebraska 68508
Telephone: (402) 471-3811
Fax: (402) 471-4725
E-mail: erik.fern@nebraska.gov
E-mail: benjamin.swanson@nebraska.gov

*Admitted *pro hac vice*

Attorneys for Plaintiff
STATE OF NEBRASKA

**FOR THE STATE OF TEXAS:**

KEN PAXTON
*Attorney General of Texas*

Brent Webster
*First Assistant Attorney General*

Ralph Molina
*Deputy First Assistant Attorney General*

Austin Kinghorn
*Deputy Attorney General for Civil Litigation*

Johnathan Stone
*Chief, Consumer Protection Division*

David Bizar
*Assistant Attorney General*
Texas State Bar No. 24110737
Office of the Attorney General of Texas
Consumer Protection Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2185
Fax: (512) 473-8301
E-mail: David.Bizar@oag.texas.gov

**Certificate of Service**

I, R. Cooper Vaughan, hereby certify that this document complies with the length limits specified in this Court's order of August 14, ECF No. 66, because it and Plaintiffs' concurrently filed Brief in Opposition to Motion to Dismiss do not exceed 55 pages, excluding the items listed in Federal Rule of Appellate Procedure 32(f) and Local Rule (Civil) 7.2(c).

*/s/ R. Cooper Vaughan*
R. Cooper Vaughan