**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH, INC., a Texas corporation, et al.,<br><br>*Defendants*. | Case No. 4:26-cv-00748-O<br><br>**DEFENDANT WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER VENUE** |


Sarah Cummings Stewart
**REED SMITH LLP**
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Tel: (469) 680-4200
Fax: (469) 680-4299
sarah.stewart@reedsmith.com

R. Jeffrey Layne
**REED SMITH LLP**
401 Congress Avenue, Suite 1800
Austin, TX 78701
Tel: (512) 623-1801
Fax: (512) 623-1802
jlayne@reedsmith.com

Caleb Hayes-Deats*
Abbe David Lowell [DC Bar No. 358651]
Schuyler J. Standley*
**LOWELL & ASSOCIATES, PLLC**
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassociates.com
CHayes-Deats@lowellandassociates.com
SStandley@lowellandassociates.com

**Admitted Pro hac vice*

*Attorneys for Defendant WPATH*

## INTRODUCTION

This suit should not have been filed in the Northern District of Texas. Venue here is improper for several reasons. This District does not have personal jurisdiction over Defendant World Professional Association for Transgender Health ("WPATH"). Nor did the allegedly "deceptive" statements that Plaintiffs seek to enjoin occur in this District. Texas banned the type of healthcare at issue in this case in 2023. The real reason Plaintiffs chose this District was to avoid unfavorable rulings against the Federal Trade Commission ("FTC") in a separate case WPATH brought in the District of Columbia. That is improper. WPATH thus requests that this Court dismiss this action under Federal Rule of Civil Procedure 12(b)(2), 12(b)(3) and 28 U.S.C. § 1406(a), or, alternatively, transfer this action under either 28 U.S.C. § 1406(a) or § 1404(a).

## FACTUAL BACKGROUND

WPATH incorporates by reference the factual and procedural background of its Motion to Dismiss, which is filed concurrently herewith.

WPATH is a 501(c)(3) non-profit, interdisciplinary professional and educational organization devoted to transgender healthcare that is incorporated in Illinois and Texas, with its principal place of business located at 1061 East Main Street, Suite 300, East Dundee, Illinois, 60018. *See* Declaration of Leo Lewis, WPATH ("WPATH Decl."), ¶¶ 2–5; *WPATH*, 2026 WL 1257321, at *1. WPATH is managed by Veritas, a management company, and does not directly employ any individuals. *Id.* ¶ 6. However, the Veritas employees who perform work on behalf of WPATH reside in Illinois and Washington, D.C. *Id.* WPATH was served with the Complaint in this matter in Illinois and Austin, Texas. Although WPATH filed articles of incorporation in Texas in 1980, it has no offices or operations in Texas. *Id.* ¶ 9. Its Board of Directors includes both U.S. and international members, none of whom reside in Texas. *Id.* ¶ 7.

Plaintiffs allege that WPATH's Standards of Care, Version 8 ("SOC-8"), published in

2022, furnished the "means and instrumentalities" for allegedly deceptive statements, although Plaintiffs admit WPATH does not communicate directly with patients. *See* ECF 70, First Amended Complaint ("FAC") ¶¶ 160, 324, 412–17; *id.* ¶ 317. Plaintiffs identify only two minor patients who allegedly heard from third parties in the Northern District of Texas that WPATH recommended medical transition for transgender minors. ECF 70-1 ¶ 10; ECF 70-2 ¶ 18. Both statements were made in 2018, eight years ago. In 2023, Texas enacted Senate Bill 14, barring outlawed medical transition for transgender minors. *See* Tex. Health & Safety Code Ann. § 161.702 *et seq.*; FAC ¶¶ 373–74. Plaintiffs identify no supposedly deceptive statements in this District after Senate Bill 14.

## ARGUMENT

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(3) permits a party to move to dismiss or transfer an action for improper venue. Once a defendant challenges venue, the plaintiff bears the burden of demonstrating that venue is proper in the chosen district. *See Utah v. Walsh*, No. 2:23-cv-016-Z, 2023 WL 2663256 (N.D. Tex. Mar. 28, 2023) (citation omitted).

Venue is governed by 28 U.S.C. § 1391. Section 1391(b) authorizes venue: (1) where any defendant resides, if all defendants reside in the State; (2) where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if no district otherwise qualifies, where any defendant is subject to personal jurisdiction. *See also* Fed. R. Civ. P. 12(b)(2). Plaintiffs invoke 15 U.S.C. § 53(b), permitting suit where a defendant "resides or transacts business." In a multi-district state like Texas, § 1391(d) treats each district as a separate state for determining corporate residence based on district-specific contacts; if none qualifies, residence is where the contacts are most significant. *See Patrick Henry Med., L.L.C. v. Prochant, Inc.*, No. 4:21-cv-00430, 2021 WL 5578680, at *2–

3 (E.D. Tex. Dec. 15, 2021).

When considering a Rule 12(b)(3) motion, the court must accept all well-pleaded factual allegations in the plaintiff's complaint as true and draw all reasonable factual inferences in the plaintiff's favor. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009). However, the court is not restricted to the pleadings and may examine undisputed evidence in the record, including affidavits or declarations submitted by the parties. *Id.*

If the court finds that venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Separately, if the court finds that venue is proper, it may, "for the convenience of the parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

## II. The Court Should Dismiss This Matter Pursuant to 28 U.S.C. § 1406(a) Because the Northern District of Texas is an Improper Venue

### A. WPATH Does Not Reside in the Northern District of Texas

WPATH's minimal connections with the State of Texas are not enough to establish its residency in the Northern District of Texas. Under § 1391(c)(2), an entity resides in any district where it is subject to personal jurisdiction, but § 1391(d) treats each district in a multi-district state as a separate state for that inquiry. Thus, Texas incorporation does not establish residency in every Texas district; the Court must assess WPATH's contacts with the Northern District of Texas, specifically. *See* 28 U.S.C. § 1391(c)(2), (d); *Patrick Henry Med., L.L.C. v. Prochant, Inc.*, No. 4:21-cv-00430, 2021 WL 5578680, at *2–3 (E.D. Tex. Dec. 15, 2021); *A-7 Austin, LLC v. Bridgestone Hosepower, LLC*, No. 2:24-cv-42-Z-BR , 2024 WL 3851596, at *5 (N.D. Tex. Aug. 15, 2024); *Commins v. NES Rentals Holdings, Inc.*, No. 3:16-cv-00608-GNS, 2017 WL 3485005,

at *3 (W.D. Ky. Aug. 14, 2017). WPATH does not reside here.

Plaintiffs cannot establish either type of personal jurisdiction—general or specific—over WPATH in the Northern District of Texas. To establish general jurisdiction, a defendant's "affiliations with the State [must be] so continuous and systematic as to render it essentially at home in the forum State." *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014)).

WPATH is an international nonprofit. *WPATH*, 2026 WL 1257321, at *1. Its relevant Texas contacts are its incorporation and a publicly accessible website; it has no offices, employees, or operations in the Northern District, its headquarters and personnel are in Illinois and Washington, D.C., and no Board member resides in Texas. *See* WPATH Decl. ¶¶ 5–7. WPATH's Standards of Care are available online through WPATH's internationally-accessible website.

Texas incorporation is insufficient to establish general jurisdiction in the Northern District. *See Commins*, 2017 WL 3485005, at *3.[1] WPATH's IRS Form 990 submissions and Plaintiffs' "common enterprise" allegations concerning WPATH-TX, WPATH-IL, and USPATH identify no Northern District contacts: Veritas and WPATH-IL are in Illinois, and USPATH has no domicile here. General jurisdiction is therefore lacking.

Specific jurisdiction likewise fails. The court asks whether WPATH purposefully directed activities to the forum or purposefully availed itself of its privileges; whether each claim arises from those contacts, and whether jurisdiction is fair and reasonable. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). Specific jurisdiction must be established for each claim, not the suit as a whole. *Id.* WPATH's only relevant contact is a passive website

[1] WPATH's Texas registered agent is located in Austin, TX. WPATH Decl. ¶ 10. Thus, to the extent the court determines that any of the districts in Texas are an appropriate venue for this action, WPATH's only contacts in Texas are in the Western District. *See Road Ltd. v. PerDiemCo LLC*, No. 6:19-cv-00026-ADA, 2019 WL 10303654, at *7 (W.D. Tex. Sept. 19, 2019).

accessible to Texas users. Under *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (adopting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)) and *Uniwell Labs., Inc. v. Frain Indus., Inc.*, No. 4:21-cv-01292-O, 2022 WL 18635847, at *5 (N.D. Tex. Jul. 20, 2022) (citing *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002)), an informational passive website does not establish specific jurisdiction. Plaintiffs therefore cannot show specific jurisdiction in this District.

Section 53(b) does not establish venue in the Northern District of Texas. It permits an FTC action where a defendant "resides or transacts business," or wherever venue is proper under 28 U.S.C. § 1391. In a multi-district state, § 1391(d) still governs which district qualifies as the defendant's residence.

Nationwide service of process does not change that result. Although some statutes permit nationwide personal jurisdiction based on minimum contacts with the United States, *see, e.g.*, *Busch v. Buchman, Buchman & O'Brien, L. Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994) (addressing the Securities Exchange Act), § 53(b)'s separate residence/transacts-business language cannot be read to authorize suit anywhere without making those limits superfluous. *See* 15 U.S.C. § 78aa; *Canal Ins. Co. v. Coleman*, 625 F.3d 244, 253 (5th Cir. 2010) (quoting *Wheeler v. Pilgrim's Pride Corp.*, 591 F.3d 355, 375 (5th Cir. 2009) (en banc)).

Section 1391(d) governs venue residency even where a federal statute confers nationwide personal jurisdiction. *See Driscoll v. New Orleans Steamboat Co.*, 633 F.2d 1158, 1159 n.1 (5th Cir. 1981) ( "Venue is distinct from jurisdiction"); *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979) (venue improper in the Northern District of Texas despite personal jurisdiction); *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 726–27, 730 (7th Cir. 2013) (nationwide service cannot make "the venue inquiry meaningless" and § 1391(d) remains

relevant); *Clark v. McDonald's Corp.*, No. 3:22-cv-00628-NJR, 2023 U.S. Dist. LEXIS 51973 at *9–10, 12 n.2 (S.D. Ill. Mar. 27, 2023) (requiring district-by-district contacts analysis under § 1391(d)). Section 53(b) therefore does not displace § 1391(d).

Under any interpretation, WPATH does not "reside" in the Northern District of Texas, and venue is improper under 28 U.S.C. § 1391(b)(1) and 15 U.S.C. § 53(b).

**B. No Substantial Conduct Occurred in the Northern District of Texas**

Plaintiffs also cannot satisfy 28 U.S.C. § 1391(b)(2): they identify no conduct by WPATH in the Northern District of Texas and rely only on two patient declarations describing statements allegedly made by third parties in 2018. ECF 70-1 ¶ 10; ECF 70-2 ¶ 18. But "[v]enue cannot be based solely on the presence of a third party who is aware" of a defendant's conduct. *McClintock v. Sch. Bd. E. Feliciana Parish*, 299 Fed. App'x 363, 365 (5th Cir. 2008); *Border Steel, Inc. v. Pac. Century Customs Serv.*, 500 F. Supp. 2d 655, 659–60 (W.D. Tex. 2006). A single author's Texas affiliation does not place SOC-8 drafting in the Northern District, and clinicians' statements are not WPATH statements. *See McClintock* , 299 Fed. App'x at 365 (holding venue cannot be based solely on a third-party's awareness of the publicly published events and information giving rise to plaintiff's claims); *Border Steel*, 500 F. Supp. 2d at 659–60 (holding that the exchange of information and communications is insufficient to constitute purposeful availment). The "means and instrumentalities" theory concerns merits liability, not jurisdiction. *See FTC v. Neora LLC*, Civil Action No. 3:20-cv-01979-M, 2022 WL 3213540 (N.D. Tex. Aug. 8, 2022) (addressing that theory). In any event, *Neora* involved direct provision of marketing materials to local network participants, whereas WPATH published open-access international academic guidelines available worldwide. *See id.* Publishing generally available material is not purposeful direction at Texas. *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 787-87 (5th Cir. 2021); *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 228 (5th Cir. 2012); *Revell v. Lidov*, 317 F.3d

467, 475 (5th Cir. 2002). Health care workers' independent use of SOC-8 is unilateral third-party conduct not attributable to WPATH. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014).

The conduct in the Northern District of Texas is independently insubstantial because Plaintiffs' sole federal claim seeks only injunctive relief. *See AMG Cap. Mgmt. LLC v. FTC*, 593 U.S. 67, 70 (2021). Plaintiffs must show evidence that WPATH "is" committing or "is about to" commit another violation. *FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147, 156 (3d Cir. 2019); *FTC v. Evans Prods. Co.*, 775 F.2d 1084, 1087 (9th Cir. 1985). The only identified statements occurred *eight years ago* in 2018, were not statements *by WPATH*, and predate Senate Bill 14's 2023 prohibition on medical transition for minors in Texas. ECF 70-1 ¶ 10; ECF 70-2 ¶ 18. Texas conduct therefore cannot constitute a substantial part of the claim for injunctive relief.

**C. The Appropriate Remedy Under 28 U.S.C. § 1406(a) is Dismissal, not Transfer**

Because venue is improper, § 1406(a) provides that the Court "*shall dismiss*" unless the interest of justice favors transfer to a district where the case could have been brought. 28 U.S.C. § 1406(a) (emphasis added). The Fifth Circuit holds that dismissal is generally appropriate, particularly when the plaintiff could have foreseen the venue defect; transfer is not warranted merely to rescue an early filing. *See Seville v. Maersk, Ltd.*, 53 F.4th 890, 894 (5th Cir. 2022); *see also Everetts v. Allen Police Dep't*, No. 3:26-CV-870-L-BK, 2026 WL 1508232, at *1 (N.D. Tex. Mar. 27, 2026); *WAPP Tech Ltd.* v. *Apple Inc.*, No. 4:25-CV-230, 2026 WL 2124215, at *12 (E.D. Tex. July 23, 2026); *Nuttall v. Juarez*, 984 F. Supp. 2d 637, 646 (N.D. Tex. 2013).

The procedural history—set out in WPATH's concurrently filed Motion to Dismiss—also bears on the § 1404(a) interest-of-justice analysis. In January 2026, the FTC issued a Civil Investigative Demand ("CID") to WPATH; WPATH sued in the D.C. District Court, which granted a preliminary injunction finding the CID violated WPATH's First Amendment rights. *WPATH v. FTC*, No. 26-cv-532 (JEB), 2026 WL 1257321 (D.D.C. May 7, 2026). Six weeks later,

the FTC and Alaska, Iowa, Nebraska, and Texas filed this enforcement action; five days later, the FTC withdrew the CID as "no longer . . . necessary." ECF 43-1 (D.D.C.). The overlap between the CID and the Texas complaint is undeniable. ECF 38 at 12. It is thus clear that the FTC initiated the Texas action after, and because of, the unfavorable rulings from the D.C. District Court.

Transfer would reward the FTC's selection of an improper venue to evade the D.C. District Court's ruling and seek through discovery the very same materials covered by the withdrawn and enjoined CID. Given the case's infancy and the FTC's sophistication, the interests of justice favor dismissal. *See Seville*, 53 F.4th at 894.

### D. If the Court Determines That Transfer is in the "Interest of Justice," This Matter Should Be Transferred to the D.C. District Court or the Northern District of Illinois

If transfer is in the interest of justice, the D.C. District Court or the Northern District of Illinois is appropriate. The D.C. District Court and Chief Judge Boasberg are familiar with the dispute and D.C. is the FTC's headquarters. The Northern District of Illinois is the only other venue with personal jurisdiction over WPATH: WPATH is incorporated and headquartered there, Veritas personnel perform WPATH's work there, and WPATH's operations and records are there. WPATH Decl. ¶¶ 4–6. Veritas's shared business address does not negate WPATH's genuine operational presence in the Northern District of Illinois, and WPATH has none in the Northern District of Texas.

If the Court declines to dismiss under 28 U.S.C. § 1406(a), WPATH respectfully requests transfer to (1) the D.C. District Court or (2) the Northern District of Illinois.

## III. If the Court Determines that Venue is Proper in the Northern District of Texas, the Court Should Transfer This Matter Under 28 U.S.C. § 1404(a)

Under 28 U.S.C. § 1404(a), transfer is proper when the movant clearly establishes "good cause" by "demonstrating that a transfer is for the convenience of the parties and witnesses, in the

interest of justice." *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024). To establish "good cause," a movant must show (1) that the marginal gain in convenience will be significant, and (2) that its evidence makes it plainly obvious—*i.e.*, clearly demonstrated—that those marginal gains will actually materialize in the transferee venue. *See id.* The court considers private and public factors. *See In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023). The private factors are: (1) access to proof; (2) compulsory process to secure witnesses' attendance; (3) witness costs; and (4) other practical problems. *See Clarke*, 94 F.4th at 509. The public factors are: (5) court congestion; (6) local interest; (7) familiarity with governing law; and (8) conflicts or foreign-law issues. *See id.*

Section 1404(a) was "designed to remedy the evils of forum shopping." *Torres v. S.S. Rosario*, 125 F. Supp. 496, 497 (S.D.N.Y. 1954). Where forum shopping is obvious, transfer is appropriate regardless of other considerations. *Gabet v. Amazon.com, Inc.*, No. 22-cv-35, 2022 WL 4078442, at *15–16 (N.D. Ind. Sept. 6, 2022).

**A. The FTC's Forum Shopping Warrants Transfer**

As summarized above, *see* pp. 7-8, *supra*, the FTC's sequence—CID, WPATH's D.C. suit and injunction, withdrawal of CID, then this Texas action seeking the same materials—clearly shows forum shopping. WPATH filed suit in D.C., where the FTC is headquartered, before the FTC filed here; WPATH did not select Texas to evade an adverse ruling. Transfer to the D.C. District Court or the Northern District of Illinois is thus warranted on this basis alone. *Gabet*, 2022 WL 4078442, at *15–16.

**B. The Public and Private Factors Weigh in Favor of Transfer**

The public and private factors favor transfer to the D.C. District Court. The pending D.C. action and that court's familiarity with the dispute promote consolidation counterclaims, conserve judicial resources, and avoid inconsistent rulings; the FTC did not seek to transfer the D.C. action. Texas has no local interest because Senate Bill 14 bars the care at issue, and federal courts are

equally capable of applying the FTC Act and state-law analogues (public factors 5-8). D.C. is also more convenient: the FTC is headquartered there and held its conference there; WPATH's Executive Director is there; and other key witnesses, including two SOC-8 Chairs and WPATH's President, are in Europe or the United Kingdom. D.C. therefore improves access to proof, compulsory process, and practical efficiency (private factors 1, 2, and 4).

If the Court declines to transfer to D.C., the same factors favor the Northern District of Illinois over Texas. WPATH is incorporated and headquartered in the Northern District of Illinois, its operations and records are there, Veritas personnel performing WPATH work reside there making access to proof, the witnesses, cost, and other practical considerations most favorable there (private factors 1-4). Illinois also has the local interest in deciding claims concerning WPATH, while all federal courts are equally capable of applying the FTC Act and state-law analogues (public factors 6–8). *See* WPATH Decl., ¶¶ 4–6.

## CONCLUSION

For these reasons, WPATH respectfully requests that the Court dismiss this matter under Rule 12(b)(2), 12(b)(3) and 28 U.S.C. § 1406(a) because the Northern District of Texas is an improper venue or, if the Court determines that it is in the interest of justice, transfer this matter to the D.C. District Court or the Northern District of Illinois. In the alternative, if the Court determines that venue in the Northern District of Texas is proper, WPATH respectfully requests that the Court transfer this matter to the D.C. District Court or the Northern District of Illinois for good cause pursuant to 28 U.S.C. § 1404(a).

Dated: September 8, 2026

Respectfully Submitted,

*/s/ Sarah Cummings Stewart*

Sarah Cummings Stewart
**REED SMITH LLP**
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Tel: (469) 680-4200
Fax: (469) 680-4299
sarah.stewart@reedsmith.com

R. Jeffrey Layne
**REED SMITH LLP**
401 Congress Avenue, Suite 1800
Austin, TX 78701
Tel: (512) 623-1801
Fax: (512) 623-1802
jlayne@reedsmith.com

*/s/ Caleb Hayes-Deats**

Caleb Hayes-Deats*
Abbe David Lowell [DC Bar No. 358651]
Schuyler J. Standley*
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassociates.com
CHayes-Deats@lowellandassociates.com
SStandley@lowellandassociates.com

**Admitted Pro hac vice*

*Attorneys for Defendant WPATH*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7.1, the undersigned hereby certifies that Defendants and Plaintiffs conferred via videoconference regrading this Motion on August 25, 2026. For Plaintiffs, counsel Jonathan Cohen, Michael Dingman, Michelle Watchorn, David Bizar, Ross Vaughan, Eric Wessan, and Hans Clausen participated. For Defendants, counsel Sarah Cummings Stewart, Kristin Parker, Julia Ensor, Caleb Hayes-Deats, and Schuyler Standley participated. Following discussion of Defendants' bases for seeking the relief described herein, Plaintiffs indicated they remain opposed to the relief sought in this Motion.

*/s/ Sarah Cummings Stewart*
Sarah Cummings Stewart

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 8, 2026, a true and correct copy of the foregoing document was filed with the Clerk of Court via the CM/ECF system, causing it to be served electronically on all counsel of record.

*/s/ Sarah Cummings Stewart*
Sarah Cummings Stewart