**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH, INC., a Texas corporation, et al.,<br><br>*Defendants*. | Case No. 4:26-cv-00748-O |

**DEFENDANT WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH, INC.'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b), Defendants World Professional Association for Transgender Health, Inc. ("WPATH"), by and through undersigned counsel, respectfully files this Motion to Dismiss ("Motion"), along with the accompanying brief and exhibits in support, asking this Court to dismiss the claims brought by Plaintiffs the Federal Trade Commission ("FTC") and the States of Alaska, Iowa, Nebraska, and Texas (collectively, "Plaintiffs").

**Summary**

Plaintiffs filed this Complaint for a Permanent Injunction and Other Relief, seeking to enjoin WPATH from publishing its Standards of Care Version 8 ("SOC-8") regarding transgender healthcare. The gravamen of Plaintiffs' Complaint is that WPATH has made "deceptive" statements

to consumers. However, the FTC identifies no such deceptive statements in its Complaint. That is because WPATH does not make statements to consumers at all. Rather, WPATH's SOC-8 articulates a professional consensus about the psychiatric, psychological, medical, and surgical management of transgender people." *WPATH*, 2026 WL 1257321, at *1.

**Basis for Motion**

Dismissal is required for several reasons. First, the Fifth Circuit has held that "merely publishing a medical opinion—even a hotly debated one—in a peer-reviewed journal cannot give rise to a misrepresentation claim." *Torrey v. Infectious Diseases Soc'y of Am.*, 86 F.4th 701, 704 (5th Cir. 2023). WPATH's clinical guidelines are not advertisements or commercial statements to consumers. They are scientific opinions directed to the professionals best able to evaluate them: doctors. The United States District Court for the District of Columbia ("D.C. District Court") previously found the FTC's "concerns about verifying WPATH's public statements can be addressed by consulting the lengthy bibliography accompanying its Standards of Care." *WPATH v. FTC*, No. 26-cv-532 (JEB), 2026 WL 1257321, at *4 (D.D.C. May 7, 2026). Plaintiffs do not even try to show that WPATH's citations do not support its statements or that doctors could not evaluate them in the framework in which they are offered—guidelines. Plaintiffs seek to brand one side of a scientific debate as "deceptive" without considering the science.

Second, the FTC's claims violate the "major questions" doctrine. The FTC has never asserted that its power to prohibit deceptive acts in commerce authorizes it to regulate a medical association's clinical guidelines. Its novel assertion in this case has far-reaching political consequences, because our federal structure from "time immemorial" has empowered states to regulate the type of health and safety work in which doctors engage. *Dent v. West Virginia*, 129 U.S. 114, 122 (1889). Just last year, the Supreme Court reviewed the same evidence the FTC now cites, such

as the "Cass Review," and concluded that it "underscore[s] the need for [state] legislative flexibility," *not* FTC action that seeks to usurp states' longstanding authority. *United States v. Skrmetti*, 605 U.S. 495, 524-25 (2025). Congress has withheld the power to supervise the practice of medicine from the Department of Health & Human Services. 42 U.S.C. § 1395. There is no reason to believe it granted such power to the FTC. Given the "breadth, history, and constitutional context" of the authority the FTC now asserts, it must "identify clear congressional authorization to exercise it." *Learning Resources, Inc. v. Trump*, 607 U.S. 229, 255 (2026). It cannot.

Third, Plaintiffs' claims violate the First Amendment, as the D.C. District Court has already found. *WPATH*, 2026 WL 1257321, at *4–5. Plaintiffs' disagreement with WPATH's speech does not make it "deceptive." The Supreme Court has recently held that state governments cannot prohibit professional medical speech they regard as "substandard care." *Chiles v. Salazar*, 146 S. Ct. 1010, 1027 (2026). That is what Plaintiffs seek to do: prohibit WPATH from expressing scientific opinions with which Plaintiffs disagree. If Plaintiffs refute the science underlying WPATH's Standards of Care, their remedy must be more speech, not censorship through a misguided enforcement action.

Fourth, Plaintiff States' claims for injunctive relief must be dismissed for lack of jurisdiction. Such relief cannot redress purely historical injuries, particularly where those injuries have already been remedied by state legislation. Although Plaintiffs seek injunctive relief to prevent injury to consumers, WPATH's SOC-8 speech cannot cause future injury in Iowa, Nebraska, or Texas because any future provision of such care would constitute an independent violation of state law by third-party clinicians, not action traceable to Defendants.

**Compliance With Local Rules**

Contemporaneously with the filing of this Motion, WPATH has filed a brief and exhibits

in support of the Motion, in compliance with Local Rule 7.1.

**Relief Requested**

For the reasons stated therein, WPATH respectfully requests that the Court grant this Motion to Dismiss Plaintiffs' claims.

Dated: September 8, 2026

Respectfully Submitted,

*/s/ Sarah Cummings Stewart*

Sarah Cummings Stewart
**REED SMITH LLP**
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Tel: (469) 680-4200
Fax: (469) 680-4299
sarah.stewart@reedsmith.com

R. Jeffrey Layne
**REED SMITH LLP**
401 Congress Avenue, Suite 1800
Austin, TX 78701
Tel: (512) 623-1801
Fax: (512) 623-1802
jlayne@reedsmith.com

*/s/ Caleb Hayes-Deats**

Caleb Hayes-Deats*
Abbe David Lowell [DC Bar No. 358651]
Schuyler J. Standley*
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassociates.com
CHayes-Deats@lowellandassociates.com
SStandley@lowellandassociates.com

**Admitted Pro hac vice*

*Attorneys for Defendant WPATH*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on September 8, 2026, a true and correct copy of the foregoing document was filed with the Clerk of Court via the CM/ECF system, causing it to be served electronically on all counsel of record.

*/s/ Sarah Cummings Stewart*
Sarah Cummings Stewart