**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

FEDERAL TRADE COMMISSION, *et al.*,

Plaintiffs,

v.

WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH, INC., a Texas corporation, *et al.*,

Defendants

Case No. 4:26-cv-00748-O

**BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER**

**Table of Contents**

Introduction ....... 1

Background ....... 1

Argument ....... 3

I. Legal Standard ....... 3

II. This Court has jurisdiction and venue is proper. ....... 4

A. This Court has personal jurisdiction over WPATH under the FTC Act's nationwide personal jurisdiction provision. ....... 4

B. Venue is proper because, under the FTC Act and 28 U.S.C. § 1391, WPATH resides in this district ....... 5

III. Neither of WPATH's preferred venues is clearly more convenient than this one ....... 8

A. WPATH is not meaningfully connected to Illinois or Washington, D.C. ....... 9

B. Neither Illinois nor D.C. is more accessible to witnesses. ....... 10

C. The Northern District of Texas is faster than WPATH's preferred venues. ....... 11

D. WPATH's forum-shopping alarmism is incorrect and irrelevant ....... 12

IV. Relief ....... 12

Conclusion ....... 12

# Table of Authorities

## Cases

*Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174 (9th Cir. 2004)................. 5

*Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233 (5th Cir. 2009)........................................................ 3

*Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255 (5th Cir. 1994)...................... 4

*Canaday v. Anthem Companies, Inc.*, 9 F.4th 392 (6th Cir. 2021)............................................. 4, 6

*Connecticut Nat. Bank v. Germain*, 503 U.S. 249 (1992)............................................................. 7

*D2L Ltd. v. Blackboard, Inc.*, 671 F. Supp. 2d 768 (D. Md. 2009).............................................. 10

*FTC v. Bay Area Bus. Council, Inc.*, 2003 WL 21003711 (N.D. Ill. May 1, 2003)....................... 5

*FTC v. Big Dog Solutions LLC*, 2016 WL 5391391 (N.D. Ill. Sept. 27, 2016) ............................. 8

*FTC v. Cleverlink Trading Ltd.*, 2006 WL 1735276 (N.D. Ill. June 19, 2006).............................. 5

*FTC v. Mallett*, 818 F. Supp. 2d 142 (D.D.C. 2011) ...................................................................... 5

*FTC v. Navestad*, 2010 WL 743899 (W.D.N.Y. Feb. 25, 2010).................................................... 5

*FTC v. Quincy Bioscience Holding Co., Inc.*, 389 F. Supp. 3d 211 (S.D.N.Y. 2019)............ 5, 6, 7

*Fuld v. Palestine Liberation Org.*, 606 U.S. 1 (2025)..................................................................... 5

*Hathcock v. BNSF Ry. Co.*, 2014 WL 1660633 (E.D. Ark. Apr. 24, 2014).................................. 10

*In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288 (3d Cir. 2004).................................. 5

*In re Chamber of Com. of United States of Am.*, 105 F.4th 297 (5th Cir. 2024)............................ 8

*In re Clarke*, 94 F.4th 502 (5th Cir. 2024) ................................................................................ 4, 8

*In re TikTok, Inc.*, 85 F.4th 352 (5th Cir. 2023)................................................................... 4, 8, 11

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc) ......................................... 4

*In re Walter Energy, Inc.*, 911 F.3d 1121 (11th Cir. 2018) ............................................................ 7

*KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718 (7th Cir. 2013) ............................ 6, 7

*Lamie v. U.S. Trustee*, 540 U.S. 526 (2004)........................................................................ 7

*Luallen v. Higgs*, 277 F. App'x 402 (5th Cir. 2008)........................................................................ 4

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) ........................................................ 12

*Patterson v. Aker Sols. Inc.*, 826 F.3d 231 (5th Cir. 2016)........................................................... 3

*Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997) ............................................................................. 7

*Rumble, Inc. v. World Fed'n of Advertisers*, 2025 WL 2345076 (N.D. Tex. Aug. 13, 2025) ......... 6

*Salinas v. O'Reilly Auto., Inc.*, 358 F. Supp. 2d 569 (N.D. Tex. 2005)....................................... 11

*Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159 (5th Cir. 1987) ............................................ 8

*Seville v. Maersk Line, Ltd.*, 53 F.4th 890 (5th Cir. 2022) ........................................................... 4

*WPATH v. FTC*, 2026 WL 1999008 (D.D.C. July 10, 2026) ........................................................ 1

**Statutes**

15 U.S.C. § 22................................................................................................................................. 6

15 U.S.C. § 53.......................................................................................................................*passim*

28 U.S.C. § 1391......................................................................................................................1, 2, 5, 6

28 U.S.C. § 1404...................................................................................................................*passim*

28 U.S.C. § 1406.......................................................................................................................3, 12

**Other Authorities**

Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts (1st ed. 2012) ........................................................................................................................................ 7

**Rules**

Fed. R. Civ. P. 12.......................................................................................................................3, 12

Fed. R. Civ. P. 30......................................................................................................................... 10

## INTRODUCTION

From the filing of Plaintiffs' complaint, WPATH has clamored to litigate this case anywhere but here. It first asked a district court in Washington, D.C. to enjoin this litigation.[1] But that maneuver failed.[2] WPATH now asks this Court to transfer this case to D.C., or maybe to Chicago, or perhaps to a different Texas district court—anywhere but here.

WPATH argues that this Court is an improper venue that lacks personal jurisdiction. Quite the opposite. The FTC is proceeding under 15 U.S.C. § 53(b), which authorizes nationwide service of process. The relevant inquiry for personal jurisdiction under such a statute is whether the defendant has minimum contacts with the United States. WPATH does not dispute that it has such contacts. Thus, this Court has personal jurisdiction in this district over WPATH. Moreover, WPATH resides in any judicial district in which it is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(c)(2). And because venue is proper where a defendant resides, *id.* § 1391(b)(1), (d), venue is therefore proper here. WPATH's arguments in favor of transfer to another venue also fail because its cursory argument fails to carry its heavy burden to demonstrate that either of its preferred venues is clearly more convenient than this Court. And in any event, this Court is a convenient and, importantly, expedient forum to resolve these claims, as children are being injured every day.

## BACKGROUND

WPATH is an active Texas domestic corporation with a registered agent and a registered office in Texas. Amended Complaint, ECF No. 70 at ¶ 34 (Aug. 18, 2026) ("Am. Compl."). It was incorporated in Texas in 1980. Declaration of Leo Lewis, ECF No. 83-1 ("Lewis Decl.") at ¶ 3.

[1] Motion for Temporary Restraining Order and Antisuit Injunction, ECF No. 45, *WPATH v. FTC*, No. 1:26-cv-00532 (D.D.C. June 30, 2026).

[2] *WPATH v. FTC*, 2026 WL 1999008 (D.D.C. July 10, 2026).

After terminating that status in 2020, WPATH obtained reinstatement in 2023. *Ibid*. WPATH's current bylaws state that it is a Texas corporation. Am. Compl. ¶ 34. Its most recent public tax filings claim WPATH's "state of legal domicile" as Texas alone. Ex. 1, Declaration of Jonathan Bugbee ("Bugbee Decl.") ¶ 10 (citing 2024 IRS 990 form). WPATH was also incorporated in Illinois in 2017. Lewis Decl. ¶ 4. But when contesting jurisdiction in a Montana lawsuit in 2024, WPATH argued that it "is incorporated in Texas," without claiming incorporation in any other state. Bugbee Decl. ¶ 11.

WPATH does not have any employees, and its only known addresses belong to a third-party management company or registered agents. Lewis Decl. ¶¶ 5–6; Am. Compl. ¶¶ 34, 42. WPATH's "Executive Director," Leo Lewis, does not reside in Illinois and is actually employed by a third-party contractor, Veritas, which is not a defendant in this action. Lewis Decl. ¶¶ 1, 6. Veritas, which lists over fifty clients on its website, has an Illinois address. Bugbee Decl. ¶ 12. WPATH's board members are scattered across the globe. Lewis Decl. ¶ 7.

Plaintiffs sued WPATH for violating the consumer protection laws that they enforce. This suit rests on a detailed complaint, backed by sworn declarations from victims and witnesses. Three declarations describe misrepresentations made in Texas to local children and their families. *See* Am. Compl., Exs. 1–3. Plaintiffs named three defendants in the Enforcement Action: WPATH of Texas, WPATH of Illinois, and USPATH. WPATH treats the former two entities as though they are one and the same. *See* Lewis Decl. ¶¶ 3–4. USPATH is an unincorporated entity formed under WPATH's bylaws.[3] Am. Compl. ¶¶ 36, 48.

[3] 28 U.S.C. § 1391(d) by its terms governs "a defendant that is a corporation." USPATH is unincorporated, Am. Compl. ¶ 36, so its residence is governed by Section 1391(c)(2) without that qualification, and it resides in any district where it is subject to personal jurisdiction—which, under 15 U.S.C. § 53(b), is every district in the United States.

WPATH falsely claims that it was served in Illinois. WPATH's Memorandum in Support of Its Motion to Dismiss or Transfer Venue, ECF No. 83 at 1 (Sep. 8, 2026) (hereinafter "Mem."). In fact, Plaintiffs served WPATH in Texas via WPATH's registered agent, Proof of Service, ECF No. 25 (June 29, 2026), and in New York via WPATH's president, Proof of Service, ECF No. 26 (June 29, 2026); Am. Compl. ¶ 44. Plaintiffs served USPATH's president in California. Proof of Service, ECF No. 27 (June 27, 2026); Am. Compl. ¶ 48.[4]

## ARGUMENT

### I. Legal Standard

WPATH moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and improper venue under Rule 12(b)(3) and 28 U.S.C. § 1406, or to transfer the case under 28 U.S.C. § 1404. Mem. 1. Under Rule 12(b)(2), this Court "must accept the [Plaintiffs'] uncontroverted allegations, and resolve in [Plaintiffs'] favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 233 (5th Cir. 2016) (quotation omitted). Under Rule 12(b)(3), the Court must "view all the facts in a light most favorable to the plaintiff." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 237 (5th Cir. 2009) (quotation omitted). The Court may resolve the 12(b)(3) motion on "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ibid*. (quotation omitted). Under 28 U.S.C. § 1406(a), the Court may dismiss or transfer the case to another district

[4] WPATH's inaccurate attempt to emphasize service in Illinois (that never occurred) is particularly odd given that Plaintiffs already pointed out this error. Specifically, after WPATH filed a substantively similar venue motion addressed to Plaintiffs' initial complaint, which falsely claimed service in Illinois, *see* ECF No. 55 at 1, Plaintiffs' opposition pointed out the mistake, *see* ECF No. 72 at 3–4. Nevertheless, WPATH persists in its claim.

if it holds that venue is improper. Whether to do so is within the Court's discretion. *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 894 (5th Cir. 2022).

The Court may transfer venue for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Importantly, Plaintiffs are generally entitled to their choice of venue, which "places a significant burden on the movant to show good cause for the transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) (en banc). Thus, "[i]t is the movant's burden—and the movant's alone—to adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice." *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (quotation omitted). And the movant must demonstrate "that the transferee venue is clearly more convenient." *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023).

## II. This Court has jurisdiction and venue is proper.

### A. This Court has personal jurisdiction over WPATH under the FTC Act's nationwide personal jurisdiction provision

The FTC Act "provide[s] for nationwide service on defendants and personal jurisdiction over them in any federal district court in the country." *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 398 (6th Cir. 2021) (citing 15 U.S.C. § 53(a–b)). Thus, a court has personal jurisdiction so long as "the defendant has had minimum contacts with the United States." *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994). And because a defendant residing in the United States necessarily maintains minimum contacts with the nation as a whole, the Fifth Circuit has repeatedly held that nationwide service provisions provide due process. *Ibid.*; *Luallen v. Higgs*, 277 F. App'x 402, 404 (5th Cir. 2008) (affirming the Northern District of Texas's exercise of personal jurisdiction over Nevada residents under nationwide service-of-process provision). That is because the Fourteenth Amendment's "requirement that a defendant have minimum contacts with the forum State" protects "interstate federalism concerns"—concerns that

"do not apply" when Congress authorizes federal courts to assess personal jurisdiction under the Fifth Amendment. *Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 14–15 (2025). That principle has been repeatedly applied in FTC Act actions. *See, e.g.*, *FTC v. Quincy Bioscience Holding Co., Inc.*, 389 F. Supp. 3d 211, 218 (S.D.N.Y. 2019); *FTC v. Mallett*, 818 F. Supp. 2d 142, 147 (D.D.C. 2011); *FTC v. Bay Area Bus. Council, Inc.*, 2003 WL 21003711, at *2 (N.D. Ill. May 1, 2003); *FTC v. Navestad*, 2010 WL 743899, at *1 (W.D.N.Y. Feb. 25, 2010). WPATH is incorporated in the United States, Lewis Decl. ¶¶ 3–4, so this Court has personal jurisdiction over WPATH.

**B. Venue is proper because, under the FTC Act and 28 U.S.C. § 1391, WPATH resides in this district**

The FTC may bring suit where a defendant "resides or transacts business, or wherever venue is proper under" 28 U.S.C. § 1391. 15 U.S.C. § 53(b). Venue is proper here under 28 U.S.C. § 1391. That statute authorizes suit in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). And a defendant is a resident of a judicial district "in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). Thus, because WPATH is subject to personal jurisdiction in all districts in the United States, including this district, it resides in this district and venue is proper. *See Bay Area Bus. Council*, 2003 WL 21003711, at *2; *FTC v. Cleverlink Trading Ltd.*, 2006 WL 1735276, at *4 (N.D. Ill. June 19, 2006).

WPATH cites a circuit split on the meaning of the Clayton Act to argue that venue is improper. Mem. 5.[5] That argument fails for two reasons. *First*, venue is proper here under 28 U.S.C. § 1391(d), which holds that, in multi-district States, a defendant resides "in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if

[5] WPATH neglects to cite the cases on the other side of this circuit split. *E.g.*, *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174 (9th Cir. 2004); *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288 (3d Cir. 2004).

that district were a separate State." And here, the FTC Act provides "personal jurisdiction over [WPATH] in any federal district court in the country." *Canaday*, 9 F.4th at 398. Thus, WPATH resides in this district under § 1391(d).

*Second*, the circuit split over the venue provisions of the Clayton Act turns on that statute's text, which is materially different from that of the FTC Act.[6] Specifically, the Clayton Act in a single sentence "provides for both personal jurisdiction and venue in the case of a corporate defendant." *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 724 (7th Cir. 2013).[7] But a semicolon separates the venue and service-of-process components of that sentence, and courts have questioned whether a plaintiff that invokes the Clayton Act's service provision must also satisfy its venue provision. *Id.* at 724–725. In other words, "may [a plaintiff] mix and match, relying on the Clayton Act for personal jurisdiction and Section 1391 for venue?" *Id.* at 725. There is presently a circuit split on the answer to that question. *Id.* at 726–28 (summarizing the split).

The FTC Act presents no such conundrum. Indeed, at least one federal court has already rejected WPATH's argument. *See Quincy Bioscience*, 389 F. Supp. 3d at 217–18. Unlike the Clayton Act, there is no textual entanglement between the Act's service-of-process and venue provisions that might render them ambiguous. Instead, the FTC Act states its venue criteria, provides an intervening sentence discussing other matters, then includes the service-of-process provision. 15 U.S.C. § 53(b). Each is a separate sentence, and there is no language linking them together, other than that each provision relates to a suit under 15 U.S.C. § 53. *See Quincy*

[6] Even if this circuit split were relevant, the "Fifth Circuit has not taken a side." *Rumble, Inc. v. World Fed'n of Advertisers*, 2025 WL 2345076, at *6 (N.D. Tex. Aug. 13, 2025).

[7] The full text provides: "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found." 15 U.S.C. § 22.

*Bioscience*, 389 F. Supp. 3d at 218 (noting that difference). Moreover, the plain text of the FTC Act authorizes the FTC to "mix and match" its service-of-process provision with Section 1391's venue provisions, obviating the central question of the circuit split. *KM Enters.*, 725 F.3d at 724. The FTC Act provides that "[a]ny suit may be brought where such person, partnership, or corporation resides or transacts business, *or* wherever venue is proper under section 1391 of title 28." 15 U.S.C. § 53(b) (emphasis added). The plain text allows the FTC to deploy the Act's service-of-process provision and choose to satisfy *either* the Act's "resides or transacts business" venue provision *or* § 1391. Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 116 (1st ed. 2012) (explaining that "*or* creates alternatives"). That unambiguous language ends the inquiry. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997).

WPATH's passing reference to the surplusage canon makes no difference. Mem. 5. A "court should always turn first to one, cardinal canon before all others": "[A] legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54 (1992). "When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Id.* at 254 (quotation omitted). Here, the FTC Act is unambiguous: the FTC may establish venue where a defendant "resides or transacts business, or wherever venue is proper under section 1391 of title 28." 15 U.S.C. § 53(b) . And it is generally "inappropriate" to use the surplusage canon to introduce ambiguity to a statute, even if the "plain" reading includes "surplusage." *Lamie v. U.S. Trustee*, 540 U.S. 526, 536 (2004). Even if the Court applies the canon, there is no surplusage here. "Redundancies across statutes are not unusual events." *Connecticut Nat. Bank*, 503 U.S. at 253. And courts give effect to overlapping provisions if there is "no positive repugnancy between two laws." *Ibid*. The FTC Act's two independent

methods of establishing venue are "operative . . . in at least some situations," so the canon does not apply. *In re Walter Energy, Inc.*, 911 F.3d 1121, 1146 (11th Cir. 2018).

### III. Neither of WPATH's preferred venues is clearly more convenient than this one

WPATH's request for transfer under 28 U.S.C. § 1404(a) should be denied because WPATH fails to satisfy its burden to establish that either the District of Columbia or the Northern District of Illinois is a "clearly more convenient" forum. *In re TikTok, Inc.*, 85 F.4th at 358 (quotation omitted); *see In re Clarke*, 94 F.4th at 508 (explaining that transfer is inappropriate "if the movant merely shows that the transferee venue 'is more likely than not to be more convenient'" (citation omitted)). The considerations are:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*In re TikTok*, 85 F.4th at 358 (cleaned up).

Courts give "deference . . . to a plaintiff's initial choice of venue," *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 302 (5th Cir. 2024), which "should rarely be disturbed," *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987). This is particularly so where Plaintiffs bring suit under "a special venue statute . . . [that] represents an affirmative congressional policy choice to allow . . . the widest possible choice of forums in which to sue." *FTC v. Big Dog Solutions LLC*, 2016 WL 5391391, at *2 (N.D. Ill. Sept. 27, 2016) (quotation omitted). Plaintiffs rely on such a statute here. *See supra* § II. WPATH argues that the interests weigh in favor of transfer to either the District of Columbia or the Northern District of Illinois.

Mem. 8–10.[8] But Factors 7 and 8 are neutral, and the remaining factors weigh against those venues or are at a minimum neutral.

**A. WPATH is not meaningfully connected to Illinois or Washington, D.C.**

WPATH argues that the factors generally support transfer to the Northern District of Illinois. Mem. 8. But WPATH is not headquartered in Illinois in any real sense. Its alleged headquarters belongs to a third party, Veritas, a management company that apparently specializes in providing services to medical organizations. *See* Lewis Decl. ¶¶ 5–6. Indeed, thirty organizations also list Veritas's address as their own. Bugbee Decl. ¶ 14. It is implausible that dozens of medical associations all conduct meaningful business from this single third-party office, and WPATH does not specifically identify anyone who performs work for it out of that location, much less explain why their testimony is necessary. Mem. 8. WPATH's claim to store "records" there (as opposed to in a digital format available anywhere) or conduct "operations" there (without identifying any such operations) strains credulity and fails to prove that trial would be more convenient there. *See ibid*.

WPATH similarly lacks connection to the District of Columbia. It notes only that a single Veritas employee resides there. *Id*. at 10; Lewis Decl. ¶¶ 1, 6. WPATH also claims that "access to proof" and "practical efficiency" favor D.C., without identifying such proof or otherwise elaborating on why either of those claims are true. *Ibid*.

Transferring this litigation does not clearly make access to sources of proof easier (Factor 1), nor do WPATH's cursory assertions of local interest in deciding this case clearly establish that factor to favor transfer (Factor 6). By contrast, this District does have a local interest

[8] WPATH mentions in a footnote that its "only contacts in Texas are in the Western District." Mem. 4 n.1. To the extent it implies this action should be transferred there, it offers no justification for such a transfer other than its incorporation. Mem. 8–10. As discussed *supra* § II, venue is proper in the Northern District of Texas.

in deciding these claims because WPATH is incorporated in Texas, where it was founded in 1980, Lewis Decl. ¶ 3, meaning Factor 6 weighs against transfer.

**B. Neither Illinois nor the District of Columbia is more accessible to witnesses**

Under Section 1404(a), it is the movant's burden to identify witnesses it plans to call and summarize their expected testimony. *See Hathcock v. BNSF Ry. Co.*, 2014 WL 1660633, at *2 (E.D. Ark. Apr. 24, 2014) (quotation omitted). WPATH offers only a "general allegation that witnesses will be necessary," without explaining why or "indicating what their testimony will be," so it fails to carry its burden. *Ibid.*; Mem. 10. Specifically, WPATH notes that its Executive Director, an employee of the Veritas management company, resides in D.C., but he does not appear to have played any role in the deceptive conduct alleged in the Amended Complaint. Mem. 10; *see generally* Lewis Decl. WPATH asserts that its president (who was personally served with process in New York, ECF No. 26) is in fact in "Europe or the United Kingdom," along with two unnamed SOC-8 Chairs. Mem. 10. This all comes without substantiation, descriptions of proposed testimony, or evidence of the relative travel burdens to the different locations at issue. *See id.*

By contrast, Plaintiffs have submitted declarations from third-party witnesses who reside in Texas.[9] Am. Compl., Ex. 1 ¶ 1, Ex. 3 ¶ 1. This is compared to a single witness WPATH identifies in D.C. (who is not a third party) and zero witnesses identified in Illinois. Mem. 10. And Plaintiffs have identified 14 additional potential witnesses who are spread throughout the country. *See id.*, Exs. 2, 4–16. Crucially, the interests of third-party witnesses are entitled to greater weight than party witnesses because party witnesses "are presumed to be more willing to testify in a different forum." *See D2L Ltd. v. Blackboard, Inc.*, 671 F. Supp. 2d 768, 782 (D. Md. 2009). Witnesses for

[9] The FTC has also issued third-party subpoenas seeking documents and deposition testimony under Federal Rule of Civil Procedure 30(b)(6) to eight hospitals—one of which is in Texas and none of which are located in D.C. or Illinois. So to the extent that these hospitals may become third-party witnesses, that weighs against transfer.

both parties will need to travel for court proceedings. Both the Northern District of Texas and the Northern District of Illinois are central locations with major international airports near the courthouses, making neither more convenient than the other, while Washington, D.C. is not centrally located and is therefore less convenient for individual witnesses spread throughout the country. *See Salinas v. O'Reilly Auto., Inc.*, 358 F. Supp. 2d 569, 572 (N.D. Tex. 2005). WPATH has failed to meet its burden of proving that the Northern District of Illinois or Washington, D.C. is clearly more convenient for witnesses. And WPATH has not identified any third-party witnesses. Mem. 9–10 (describing only WPATH's own leadership and SOC-8 chairs). So because this District is more convenient for Plaintiffs' third-party witnesses, Factors 2–4 weigh against transfer.

**C. The Northern District of Texas is faster than WPATH's preferred venues**

The § 1404(a) analysis favors venues with a faster time to trial. *In re TikTok*, 85 F.4th at 363. And both of WPATH's preferred venues are much slower than this District. In the last six years, time to trial in the Northern District of Texas has been well below the median for all U.S. District Courts, while time to trial in the Northern District of Illinois and the District of Columbia has been higher than the median in each year that statistics are available. *See* Bugbee Decl. ¶¶ 8–9. And in the most recent twelve-month period ending March 31, 2026, the Northern District of Texas had a median time from filing to trial of 28.6 months, while the Northern District of Illinois was at 49.0 months and the District of Columbia was at 59.2 months. *Ibid.*

| District | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|
| N.D. Texas | n/r | 25.1 | 26.9 | 22.7 | 23.7 | 28.6 |
| National | 26.1 | 32.6 | 35.0 | 35.4 | 33.1 | 34.8 |
| N.D. Illinois | 35.5 | 53.8 | 53.5 | 55.4 | 58.6 | 49.0 |
| D.D.C. | n/r | 45.3 | 53.5 | 52.9 | n/r | 59.2 |

*Table 1. Median Months from Filing to Trial, civil cases only, for twelve-month periods ending March 31. The entry n/r ("not reported") indicates that no median was reported for that period.*

If this case were transferred to either of WPATH's preferred venues, it could take years more for the case to reach trial. Factor 5 weighs strongly against transfer.

**D. WPATH's forum-shopping alarmism is incorrect and irrelevant**

WPATH disregards the doctrinal factors governing transfer and argues instead that this Court should transfer because it thinks that the FTC is forum shopping. Mem. 9. Not so. This is a proper venue. The FTC partnered with States, including Texas, to bring this case here. WPATH has been incorporated in Texas for decades and is at home here. And Congress has granted the FTC the authority to sue anywhere in the United States. If the FTC were "clearly" forum-shopping, Mem. 9, the D.C. court would have accepted WPATH's plea to enjoin this suit. But it did not.

**IV. Relief**

This Court should deny WPATH's motion. It cannot dismiss this action under Rule 12(b)(2) or (3) because this Court has jurisdiction and venue is proper. Nor should it transfer the action under 28 U.S.C. § 1404(a) because WPATH has not met its burden. The key facts supporting Plaintiffs' choice of venue are undisputed. But if this Court does not deny the motion in its entirety, Plaintiffs request leave to conduct discovery as to WPATH's contacts and business transactions in Texas, Illinois, and Washington, D.C. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). If this Court holds that venue is improper, it should transfer this action "in the interest of justice." 28 U.S.C. § 1406(a).

**CONCLUSION**

The Court should deny WPATH's motion to dismiss or transfer in its entirety.

Dated: September 29, 2026

Respectfully submitted,

Of Counsel

Jonathan Cohen
*Acting Deputy Director*
District of Columbia Bar No. 483454*

Annie Chiang
*Acting Deputy Director*
District of Columbia Bar No. 1723538**

/s/ R. Cooper Vaughan
R. Cooper Vaughan
*Assistant Director*
Virginia State Bar No. 92580
Michael Dingman
*Assistant Director*
District of Columbia Bar No. 90001474*
Glenna Goldis
*Assistant Director for Special Projects*
New York Reg. No. 4868600*
Hans Clausen
*Attorney*
Georgia Bar No. 153250*
Lauren Trujillo
*Attorney*
Colorado Bar No. 56846*

Federal Trade Commission
Bureau of Consumer Protection
600 Pennsylvania Avenue, NW
Washington, DC 20580
Fax: (214) 953-3079
E-mail: RVaughan@FTC.gov

*Admitted *pro hac vice*
**Application for admission *pro hac vice* pending

**FOR THE STATE OF ALASKA**:

CORI M. MILLS
*Acting Attorney General of Alaska*

/s/ Charles J. Gartland
Charles J. Gartland
*Civil Division Director*
Alaska Bar No. 2509064*
Alaska Dept. of Law
1031 W. 4th Ave.
Suite #200
Anchorage, AK 99501
Telephone: (907) 269-5100
Fax: (907) 269-5100
E-mail: charles.gartland@alaska.gov

*Admitted *pro hac vice*

Attorney for Plaintiff
STATE OF ALASKA

**FOR THE STATE OF IOWA**:

BRENNA BIRD
*Attorney General of Iowa*

Eric Wessan
______________________
Eric H. Wessan
*Solicitor General*
Iowa Attorney General's Office
Iowa Bar Pin: AT0014313
1305 E. Walnut St.
2d Floor
Des Moines, IA 50263
Telephone: (515) 823-9117
E-mail: eric.wessan@ag.iowa.gov

Attorney for Plaintiff
STATE OF IOWA

**FOR THE STATE OF NEBRASKA**:

MICHAEL T. HILGERS
*Attorney General of Nebraska*

Benjamin J. Swanson (pro hac vice forthcoming)
Nebraska Bar No. 27675
*Assistant Attorney General*
Erik W. Fern
*Consumer Protection Bureau Chief*
Nebraska Bar No. 23733*
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, Nebraska 68508
Telephone: (402) 471-3811
Fax: (402) 471-4725
E-mail: erik.fern@nebraska.gov
E-mail: benjamin.swanson@nebraska.gov

*Admitted *pro hac vice*

Attorneys for Plaintiff
STATE OF NEBRASKA

**FOR THE STATE OF TEXAS:**

KEN PAXTON
*Attorney General of Texas*

Brent Webster
*First Assistant Attorney General*

Ralph Molina
*Deputy First Assistant Attorney General*

Austin Kinghorn
*Deputy Attorney General for Civil Litigation*

Johnathan Stone
*Chief, Consumer Protection Division*

David Bizar
*Assistant Attorney General*
Texas State Bar No. 24110737
Office of the Attorney General of Texas
Consumer Protection Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2185
Fax: (512) 473-8301
E-mail: David.Bizar@oag.texas.gov