United States of America
FEDERAL TRADE COMMISSION
600 PENNSYLVANIA AVE. NW, HQ-462
WASHINGTON, DC 20580

Bureau of Consumer Protection
Acting Deputy Director

**Jonathan Cohen**
**(202) 326-2551; jcohen2@ftc.gov**

October 27, 2026

**VIA ELECTRONIC CASE FILING (ECF)**

United States District Judge
[To Be Assigned]
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: No. 26-mc-532: Request for Transfer or, Alternatively, a Pre-Motion Conference Concerning Motion to Compel Compliance With Federal Subpoena Issuing Court: N.D. Tex. (*FTC v. WPATH*, No. 26-cv-748)**

Your Honor,

We represent the Federal Trade Commission ("FTC"), which subpoenaed Mount Sinai Hospitals Group, Inc. ("Sinai"). Sinai conferred with the FTC in good faith and indicated its desire and intent to comply. However, shortly before Sinai could produce an initial batch of responsive materials, Sinai explained to the FTC that, "out of the blue,"[1] the New York Attorney General's office ("NYAG") contacted it. Specifically, the NYAG "reminded" Sinai that—purportedly due to the State law that NYAG refers to as New York's "Shield Law" ("State law")—it could not comply with the FTC's Rule 45 subpoena unless both Sinai and the FTC satisfied various additional and impossible requirements that State law claims to impose on certain Rule 45 subpoenas. Accordingly, the NYAG's "reminder" trapped Sinai between conflicting legal requirements (namely, the subpoena's and the State law's) and further forced the FTC to seek relief against Sinai—an innocent party that merely sought to comply with routine process pursuant to the Federal Rules.[2]

[1] Attachment 3 to Declaration of Jonathan Cohen ("Cohen Decl."), Exhibit A, at 2.

[2] Even as recently as early October, Sinai explained to the FTC that Sinai was ready to produce documents, were it not for NYAG's injecting itself into the Rule 45 subpoena process. Cohen Decl. at ¶ 5.

In this unfortunate situation that NYAG created, the FTC has no practical procedural alternative other than to initiate enforcement proceedings against Sinai through this miscellaneous action and ask the Court to transfer these proceedings to the issuing court pursuant to FRCP 45(f). Alternatively, the FTC requests a pre-motion conference in accordance with Local Civil Rule 37.2 in advance of a formal motion to compel compliance with the subpoena under Rule 45(d)(2)(B)(i).

## I. Background

Along with several State plaintiffs, the FTC sued certain defendants that promote medical transition services for minors suffering from gender dysphoria or other conditions. The litigation is thus focused on, and limited to, medical transition of minors—for instance, puberty blockers and mastectomy—and medical choices made by (or on behalf of) minors. The central issue is whether adequate substantiation (*i.e.*, proof) exists that medical transition benefits children in the ways that those defendants claim. The relief sought would not prohibit the treatments at issue. It would instead require the defendants to substantiate the benefits claimed.

As part of this litigation, the FTC subpoenaed eight parties, including Sinai, that likely have documents and other information related to the pediatric transition services at issue. Crucially, neither Sinai's subpoena nor any other seeks any patient's name or other information that could identify any patient.[3]

Sinai received its subpoena on September 17, 2026.[4] It indicated its wish to cooperate, and both parties engaged in good faith regarding a variety of ordinary production-related issues.[5] Sinai did not serve objections to the subpoena, and the FTC agreed to extend the return date to accommodate a rolling production schedule, with the first subpoenaed documents due on October 2.[6] On September 30, days before the subpoena's amended return date for the first production—a deadline that Sinai indicated it could meet[7]—Sinai notified the FTC that NYAG contacted it "out of the blue" and explained that, pursuant to the State law[8] and notwithstanding the subpoena's return date, Sinai could not produce documents for at least thirty days.[9] Additionally, and notwithstanding the absence of an affidavit requirement in Rule 45, the NYAG explained that Sinai could not produce documents unless the FTC provides an affidavit that the State law purports to require.[10]

---

[3] Attachment 1 to Cohen Decl. at 5 (explaining that "[n]otwithstanding anything else herein, no part of this subpoena seeks Protected Health Information," "the identity of any patient," or "information covered by the attorney-client privilege, work product doctrine, or doctor-patient privilege").

[4] Attachment 2 to Cohen Decl.

[5] Attachment 3 to Cohen Decl. at 3–11.

[6] *Id.* at 4–5.

[7] *Id.* at 1–3.

[8] N.Y. Gen. Bus. Law § 394-i.

[9] Attachment 3 to Cohen Decl. at 2.

[10] To the FTC's knowledge, Sinai has not adopted the NYAG's position. Instead, it appears reasonably concerned that it cannot ignore its regulator's warning.

To resolve the issue amicably and without initiating unnecessary subpoena-enforcement proceedings against Sinai—a party that sought to cooperate—the FTC contacted NYAG several times and ultimately arranged a meet-and-confer. On October 13, the FTC and NYAG met for nearly an hour. Both sides exchanged positions cordially and professionally notwithstanding the underlying litigation's charged history.[11] During the call, NYAG confirmed that it had contacted Sinai and "reminded" Sinai about the "Shield Law."[12] The FTC directed NYAG to the Rules Enabling Act ("REA"), which provides that "[a]ll laws in conflict with [the Federal] rules shall be of no further force or effect."[13] NYAG did not provide a response to the REA's straightforward preemptive effect but offered to consider it further.

NYAG responded when the parties reconvened their cordial and professional exchange several days later. According to NYAG, the REA's language preempting conflicting laws applies only to conflicting *federal* laws, notwithstanding the REA's unrestricted reference to "*all* laws,"[14] or the REA's manifest purpose of establishing uniform procedures in federal courts—a purpose that imposing State-specific requirements on federal subpoenas would defeat.[15] Indeed, numerous decisions hold that the Federal Rules preempt State laws which impose additional or different procedural requirements on federal proceedings.[16] NYAG also noted that Rule 45(d)(3)(A)(i) requires that subpoenas permit a "reasonable" time to comply, and claimed that whether a thirty-day across-the-board requirement for subpoenas like the one at issue is the minimum reasonable time is "in the eye of the beholder."[17] However, NYAG gave no reason why the New York legislature is the beholder, rather than Congress. Put differently, NYAG offered no reason why New York's perspective on what is reasonable should override the Federal Rules, which provide no bright-line, thirty-day minimum

[11] The litigation with the main-action defendants has been contentious. During the FTC's pre-suit investigation, one defendant obtained a preliminary finding in the District Court for the District of Columbia that a Civil Investigative Demand ("CID") was retaliatory, *WPATH v. FTC*, 2026 WL 1257321, *5 (D.D.C. May 7, 2026), although that court permitted the balance of the investigation to proceed, *id.*, and the Ninth Circuit subsequently rejected the reasoning upon which that court relied, *see QueerDoc, PLLC v. United States Dep't of Just.*, 187 F.4th 1112, 1137–48 (9th Cir. 2026). The defendant later returned to that court, seeking to enjoin the action now pending before the issuing court (N.D. Tex.), but that court quickly denied the defendant's request. *See WPATH v. FTC*, 2026 WL 1999008, at *1–3 (D.D.C. July 10, 2026). The defendant also sought discovery from the FTC, falsely alleging that FTC lawyers had unlawfully conspired with the Department of Justice to violate the preliminary injunction, *see WPATH v. FTC*, No. 26-cv-532 (D.D.C. June 30, 2026) (ECF 46-1), but—three days after the FTC produced significant contrary evidence, *see id.* at ECF 60 (July 28, 2026)—the defendant withdrew its motion rather than serve a reply or otherwise allow that court to consider the defendant's baseless allegations, *see id.* ECF 62 (July 31, 2026).

[12] Cohen Decl. at ¶ 8.

[13] 28 U.S.C. § 2072(b).

[14] 28 U.S.C. § 2072(b) (emphasis added).

[15] *See*, *e.g.*, *Monarch Ins. Co. of Ohio v. Spach*, 281 F.2d 401, 408 (5th Cir. 1960) (explaining that "the historic purpose of the Federal Rules and the forces which led Congress to pass the Rules Enabling Act" were "to reverse the philosophy of conformity to local state procedure and establish, with but few specific exceptions, an approach of uniformity within the whole federal judicial trial system"); *Hanna v. Plumer*, 380 U.S. 460, 472 (1965) (same). Nationwide uniformity is inconsistent with State-specific exceptions.

[16] *See infra* n.38.

[17] Cohen Decl. at ¶ 9.

and indeed contemplate that subpoena compliance may be due in fewer than *fourteen* days. *See* Fed. R. Civ. P. 45(d)(2)(B) (requiring that objections be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served").

## II. The Court Should Transfer This Matter to the Issuing Court.

Rule 45(f) provides this Court with discretion to transfer this dispute to the issuing court. Transfer makes sense given the seven other identical subpoenas already outstanding, with more likely to come. As of this writing, a second cooperative subpoena recipient in another State has raised concerns about a similar law in that State, and the FTC has issued at least one additional subpoena to an entity in a third State with a similar law. Because Rule 45(d)(2)(B)(i) requires that the FTC initiate subpoena enforcement proceedings in "the district where compliance is required," failing to transfer the matter will likely force the FTC to simultaneously litigate substantially similar issues in multiple States. Rule 45's drafters created Rule 45(f) to address precisely this problem, noting that circumstances justify transfer when "the same issues are likely to arise in discovery in many districts."[18] Indeed, the Second Circuit has explained that Rule 45(f) is "primarily focused on avoiding piecemeal litigation."[19] Transferring to the issuing court avoids piecemeal litigation and instead allows the court most familiar with the matter to decide common questions consistently. Accordingly, the Court should transfer this matter.

## III. Alternatively, the Court Should Require Compliance.

As the Court is aware, when State law conflicts with federal law, under the U.S. Constitution's Supremacy Clause, federal law prevails.[20] There are generally three types of preemption including, *first*, "express preemption, where Congress has expressly preempted local law."[21] "The Federal Rules are as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the mandate of a Federal Rule than they do to disregard constitutional or statutory provisions."[22] And the REA expressly preempts any inconsistent State law through clear language providing that "[*a*]*ll* laws in conflict with [the Federal] rules shall be of no further force or effect."[23]

Multiple purported requirements of the State law conflict with both the rights and obligations of parties sending and receiving Rule 45 subpoenas. For example:

- <u>Thirty-Day Restriction</u>. Rule 45 permits the serving party to set a reasonable return date, which can be (and sometimes is) less than thirty days. In this instance, the FTC and Sinai agreed to a return date for certain documents

---

[18] Fed. R. Civ. P. 45 Advisory Committee's Notes to 2013 Amendment; *see In re Subpoenas to Leeds Equity Partners*, 2025 WL 2662583, at *1 (S.D.N.Y. Sept. 17, 2025) (relying on the Notes when transferring a dispute under Rule 45(f)).

[19] *American Plan Adm'rs v. South Broward Hosp. Dist.*, 39 F.4th 59, 61 (2d Cir. 2022).

[20] U.S. CONST. ART. VI.

[21] *New York SMSA Ltd. P'ship v. Town of Clarkstown*, 612 F.3d 97, 104 (2d Cir. 2010) (per curiam) (cleaned up).

[22] *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 506 (D.C. Cir. 2016) (cleaned up).

[23] 28 U.S.C. § 2072(b) (emphasis added).

fifteen days after service. However, the State law purports to prohibit Sinai from honoring its agreement and responding for at least thirty days,[24] and likely longer.[25]

- Affidavit Requirement. The State law prohibits Sinai from responding, even after thirty days, unless the FTC executes a sworn affirmation, "under penalty of perjury," that it will not use subpoenaed materials in certain ways, including in any matter that could lead to a "legal consequence" of any sort for anyone involved in enabling or facilitating the services at issue.[26] The FTC cannot honestly execute such a document given that its purpose in this lawsuit, as for plaintiffs in any lawsuit, is to seek a "legal consequence."[27] Accordingly, although FRCP 45 permits the subpoena at issue, the State law prohibits it.

Because these requirements "conflict" with FRCP 45, they fall under the REA's express preemption clause and are "of no further force or effect."[28]

*Second*, in addition to express preemption, "field preemption" applies where, as here, "Congress has legislated so comprehensively that federal law occupies an entire field of regulation and leaves no room for state law."[29] The REA creates field preemption because, through the law, Congress expressed "an intent to occupy an entire regulatory field to the exclusion of the states."[30] In addition to preempting "all laws" that conflict with the FRCP, the REA grants "[t]he Supreme Court . . . the power to prescribe general rules of practice and procedure . . . for cases in the United States district

---

[24] N.Y. Gen. Bus. Law § 394-i(2)(c). The only exception is if the FTC obtained a court order, *see id.*, which is a substantial burden that FRCP 45 does not impose on a party seeking to set a return date within thirty days. Importantly, under the State law thirty days is the "*minimum*" time that the party issuing the subpoena must wait. *Id.* (emphasis added). The actual time is likely longer, and possibly much longer. First, the thirty days does not run from service, but from when the subpoena recipient "notifie[s]" the NYAG. *See id.* To the FTC's knowledge, that has still not occurred, as the NYAG contacted Sinai, not the other way around. Indeed, under the onerous requirements the State law imposes, Sinai cannot produce documents at all unless it has notified the NYAG before the *earlier* of five business days after receiving the subpoena (September 24, 2026) or five business days before producing documents. *Id.* § 394-i(2)(b)(i)(1). Again, to the FTC's knowledge, Sinai never provided such notice. Second, regardless of the time elapsed, and setting aside the fact that Sinai can no longer satisfy the notice requirements, Sinai still cannot produce until it makes "reasonable attempts" to notify various doctors, patients, and others, *id.* § 394-i(2)(b)(ii), and such "reasonable attempts" could take longer than thirty days.

[25] *See supra* n.24.

[26] N.Y. Gen. Bus. Law § 394-i(2)(a) (incorporating N.Y. Crim. Proc. Law § 570.17(1)(c)(ii)). To the extent relevant, in the underlying litigation, the defendant's President is in New York. Proof of Service, *FTC v. WPATH*, No. 26-cv-748 (ECF 26) (N.D. Tex. June 29, 2026) (noting service on Asa Radix); Amended Complaint, *FTC v. WPATH*, No. 26-cv-748 (ECF 70) (N.D. Tex. Aug. 18, 2026) (alleging that Radix is the defendant's President).

[27] N.Y. Gen. Bus. Law § 394-i(2)(a).

[28] 28 U.S.C. § 2072(b).

[29] *New York SMSA*, 612 F.3d at 104 (quotation marks omitted).

[30] *SGM Holdings LLC v. Andrews*, 743 F. Supp. 3d 545, 566 (S.D.N.Y. 2024) (quotation omitted) (holding that federal law, including Rule 11, preempted a New York attorney sanctions law); *see Burlington N.R. Co. v. Woods*, 480 U.S. 1, 7 (1987) (holding that Rule 38 displaced a State statute imposing penalties on unsuccessful appellants).

courts."[31] Thus, the REA occupies the field of federal practice and procedure, thereby rendering the rights and duties of parties serving Rule 45 subpoenas exclusively the province of the Federal Rules. The State law improperly expands the obligations of parties serving subpoenas, as discussed above, as well as the obligations of parties receiving them. For instance, in addition to the requirements identified above, the State law purports to impose additional burdens on Sinai, including the mandate that Sinai notify numerous third parties including, most likely, doctors, hospital personnel, minor patients, their parents, and others.[32] Put simply, because the State law purports to add obligations to subpoena servers and recipients, it is preempted on field preemption grounds.

*Third*, "conflict preemption" applies (1) "where local law conflicts with federal law such that it is impossible for a party to comply with both or" (2) "the local law is an obstacle to the achievement of federal objectives."[33] As observed above, "it is impossible for a party to comply with both" New York's law and Rule 45.[34] Sinai cannot begin its response within fifteen days, as the subpoena requires, yet also wait at least thirty days as the State law requires. Nor can the FTC serve the subpoena at issue either with the State-required affidavit (because the affidavit would be inaccurate), or without it (which would avoid a perjurious affidavit but render the subpoena purportedly invalid under the State law).

More broadly, the REA aims to establish "uniformity in the federal courts."[35] Indeed, "the historic purpose of" the REA and the Federal Rules is "to reverse the philosophy of conformity to local state procedure and establish, with but few specific exceptions, an approach of uniformity within the whole federal judicial trial system."[36] Because State-specific requirements defeat uniformity,[37] courts routinely hold as preempted State laws that burden compliance with federal subpoenas (including Rule 45 subpoenas).[38] Such requirements "stand[] as an obstacle to the accomplishment

---

[31] 28 U.S.C. § 2072.

[32] N.Y. Gen. Bus. Law § 394-i(2)(b)(ii).

[33] *New York SMSA*, 612 F.3d at 104.

[34] *Id.*

[35] *Hanna*, 380 U.S. at 472 (quotation omitted).

[36] *Monarch Ins.*, 281 F.2d at 408.

[37] *See, e.g.*, *Spiegel v. Engagetel*, 2015 WL 8986932, at *3 (N.D. Ill. Dec. 16, 2015) (holding that a State law that contradicted Rule 45 was an impermissible obstacle to "uniformity of federal procedure").

[38] For example, "a California-only exception to the duties of parties that receive subpoenas pursuant to Rule 45(e)" posed "a significant obstacle to the . . . uniformity of federal procedure" and was therefore preempted. *Id.* For another, Rule 4 preempted a Massachusetts law that required "delivery in hand" service. *Hanna*, 380 U.S. at 462–64; *see also Universitas Educ., LLC v. Nova Grp., Inc.*, 2012 WL 5877420, at *2–3 (S.D.N.Y. Nov. 21, 2012) (holding that even a State law-imposed ten-day delay "impede[d] the timely and expeditious process of discovery in aid of execution contemplated by the Federal Rules of Civil Procedure").

So too for State laws that impose additional requirements on subpoenas seeking health-related information. For example, an Oregon law that required "a valid court order" for subpoenas concerning "prescription monitoring information" was preempted because it "interpose[d] a significant obstacle" to federal subpoena authority. *Oregon Prescription Drug Monitoring Program v. DEA*, 860 F.3d 1228, 1236 (9th Cir. 2017) (cleaned up). And a Texas law that prohibited disclosure of doctor-patient communications or "record[s] of the identity, diagnosis, evaluation, or treatment of a patient" without consent was preempted for the same reason. *United States v. Zadeh*, 820 F.3d 746, 750–51 (5th Cir. 2016). Examples abound. *See United States Dep't of Just. v. Ricco Jonas*, 2018 WL 6718579, at *1, 4–5 (D.N.H. Nov. 1, 2018),

and execution of the full purposes and objectives of Congress."[39] Indeed, as this Court has previously held, preemption occurs even when the obstacle is only a ten-day notice requirement, which is less onerous than the obstacles at issue here.[40] Given the significant burdens that the State law creates for parties serving and receiving subpoenas—burdens that do not apply to identical subpoenas served in other States—the State law undermines Congressional policy that federal practice should involve uniform procedures. Thus, the State law is preempted for this reason as well.

* * * *

In summary, the Court need not decide this straightforward application of basic preemption principles. Rather, in the interest of efficiency, the Court should transfer the action to the issuing Court. The FTC will contemporaneously serve New York with notice pursuant to Rule 5.1, but the Court need not wait to transfer this motion because, although Rule 5.1 and its companion statute permit New York to intervene "on the question of constitutionality," they do not permit New York to intervene to oppose a transfer.[41] And, notably, New York has already appeared before the issuing court through a multistate amicus brief supporting defendants' motion to dismiss.[42]

Alternatively, if the Court declines to transfer the action, it should grant a conference pursuant to L.R. 37.2, or accept this correspondence as the FTC's opening brief and request that Sinai and the NYAG respond.

Very truly yours,

Jonathan Cohen
Acting Deputy Director
Bureau of Consumer Protection
(*Pro Hac Vice* forthcoming)

---

*report and recommendation adopted*, 2019 WL 251246 (D.N.H. Jan. 17, 2019) (holding that a New Hampshire statute prohibiting disclosure of patient's names, addresses, and prescriptions without "a court order based on probable cause," even pursuant to a federal subpoena, was preempted); *Massanari v. Northwest Cmty. Mental Health Ctr.*, 2001 WL 1518137, at *1 (W.D.N.Y. Nov. 7, 2001) (holding that a New York law preventing disclosure of medical records pursuant to a federal subpoena was preempted).

[39] *Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 377 (2015) (quotation omitted).

[40] *See Universitas Education*, 2012 WL 5877420, at *2–3. Suffice it to say, the fact that the FTC can avoid the State law through a motion like this one does not save the law. Forcing parties seeking to enforce Rule 45 subpoenas—which are already issued by a federal court—to obtain court orders to enforce those subpoenas in every instance involving certain subject matter adds a State-specific and highly burdensome requirement to Rule 45's otherwise streamlined processes. And that burden falls at least partly on the receiving party, which now must respond to this motion despite its desire to comply.

[41] 28 U.S.C. § 2403(b).

[42] *See* Brief of Massachusetts *et al.*, *FTC v. WPATH*, No. 26-cv-748 (ECF 63) (N.D. Tex. Aug. 14, 2026).

**CC:** **<u>Via Email</u>**

Annie Chiang, Esq.* (AChiang@ftc.gov)
Deputy Director
R. Cooper Vaughan, Esq.* (RVaughan@ftc.gov)
Assistant Director
Michael C. Dingman, Esq.* (MDingman@ftc.gov)
Assistant Director
*Counsel for Plaintiff-Petitioner Federal Trade Commission*
* *Pro Hac Vice* forthcoming

David Bizar, Esq.
Assistant Attorney General
Deputy Chief, Consumer Protection Division
Office of the Attorney General of Texas
David.Bizar@oag.texas.gov
*Counsel for Plaintiff State of Texas*

Charles J. Gartland, Esq.
Civil Division Director
Alaska Department of Law
Charles.Gartland@alaska.gov
*Counsel for Plaintiff State of Alaska*

Eric H. Wessan, Esq.
Solicitor General
Iowa Attorney General's Office
Eric.Wessan@ag.iowa.gov
*Counsel to Plaintiff State of Iowa*

Benjamin J. Swanson, Esq.
Assistant Attorney General
Office of the Nebraska Attorney General
Benjamin.Swanson@nebraska.gov
*Counsel for Plaintiff State of Nebraska*

Sally Strauss, Esq.
Sally.Strauss@mountsinai.org
Marco Wong, Esq.
Marco.Wong@mountsinai.org
*Counsel to Respondent Mount Sinai*

Sudarsana Srinivasan, Esq.,
Chief, Health Care Bureau
Darsana@ag.ny.gov
Kate Ross, Esq. (Kate.Ross@ag.ny.gov)
Matthew Faiella, Esq. (Matthew.Faiella@ag.ny.gov)
Ivan Navedo, Esq. (Ivan.Navedo@ag.ny.gov)
*Counsel to Nonparty State of New York*

Katherine Dirks, Esq. (Katherine.Dirks@mass.gov)
Morgan Carmen, Esq. (Morgan.Carmen@mass.gov)
Adam Cambrier, Esq. (Adam.Cambrier@mass.gov)
*Counsel to Nonparty Commonwealth of Massachusetts*

Caleb Hayes-Deats, Esq.
(CHayes-Deats@lowellandassociates.com)
Schuyler Standley, Esq.
(SStandley@lowellandassociates.com)
Abbe David Lowell, Esq.
(ALowell@lowellandassociates.com)
Lowell and Associates, PLLC

Sarah Cummings Stewart, Esq.
(Sarah.Stewart@reedsmith.com)
Jeff Layne, Esq.
(JLayne@reedsmith.com)
Julia S. Ensor, Esq.
(JEnsor@reedsmith.com)
Reed Smith LLP
*Counsel to Defendant WPATH*

# Exhibit A

**DECLARATION OF JONATHAN COHEN**
**Pursuant to 28 U.S.C. § 1746**

I am a United States citizen over the age of 18. I am an attorney and Acting Deputy Director for the Bureau of Consumer Protection at the Federal Trade Commission (the "FTC"). I am an attorney of record in *Federal Trade Commission et al. v. World Professional Association for Transgender Health, Inc. et al.*, Case No. 26-cv-748-O, currently pending in the United States District Court for the Northern District of Texas. I have personal knowledge of the facts stated below and am competent to testify about them:

1. On September 17, 2026, the FTC served a subpoena upon Mount Sinai Hospitals Group, Inc. ("Sinai") pursuant to Federal Rules of Civil Procedure 45. Attached to this Declaration as Attachment 1 is a true and correct copy of the subpoena to Sinai.
2. Attached to this Declaration as Attachment 2 is a true and correct copy of proof of service of the Subpoena upon Sinai.
3. The FTC and Sinai conferred regarding the subpoena on September 18, 2026, September 24, 2026. Attached to this Declaration as Attachment 3 is a true and correct copy of e-mails between the FTC and Sinai memorializing discussions and agreements and discussing further developments.
4. Sinai did not serve objections to the Subpoena.
5. On October 2, 2026, the FTC and Sinai conferred a third time. In-house counsel for Sinai stated that it could not comply with the agreed-to production schedule because the New York Attorney General's Office informed Sinai that the State's "Shield Law" applied to the Subpoena and prevented Sinai from producing any documents to the FTC absent satisfaction of conditions including at least: (i) a 30-day waiting period commencing from the date that the Attorney General received notice of the Subpoena, and (ii) Sinai's receipt of a sworn affirmation from the FTC disclaiming certain uses of the information that Sinai produced. Sinai also stated that but for the Attorney's General's directive against Sinai's complying with the Subpoena based on the State's "Shield Law," it was prepared to produce documents to the FTC that same day, consistent with the parties' agreement, and that it was continuing to look for and collect additional responsive documents to produce to the Commission.

6. Sinai did not, and has not, produced any records pursuant to the Subpoena.
7. The FTC emailed counsel for the New York Attorney General ("NYAG") on October 2, 2026, and October 5, 2026, requesting to speak regarding the Subpoena. Counsel for the New York Attorney General responded on October 8, 2026.
8. On October 13, 2026, the FTC and the NYAG conferred for nearly an hour. Both sides exchanged positions cordially and professionally. During the meeting, the NYAG confirmed that it had contacted Sinai and "remind[ed] them of their obligations" under the "Shield Law."
9. On October 16, 2026, the FTC and the NYAG again conferred for approximately 30 minutes, continuing their cordial and professional exchange. At this time, the NYAG responded to the FTC's argument regarding the preemptive effect of the Rules Enabling Act. The NYAG stated it understood REA's that language preempting conflicting laws applies only to conflicting federal laws. The NYAG also noted that Rule 45(d)(3)(A)(i) requires that subpoenas permit a "reasonable" time to comply, and whether a thirty-day across-the-board minimum requirement for subpoenas like the one at issue is the minimum that could be "reasonable" is "in the eye of the beholder."

I state under penalty of perjury that the foregoing is true and correct. Executed on this day of October 27, 2026, in Washington, D.C.

/s/ Jonathan Cohen
Jonathan Cohen

# Exhibit A
# Attachment 1

UNITED STATES OF AMERICA
Federal Trade Commission
WASHINGTON, D.C. 20580

Bureau of Consumer Protection

September 16, 2026

***VIA PRIVATE PROCESS SERVER***

Mount Sinai Hospitals Group, Inc.
1 Gustave L. Levy Place
New York, NY 10029
(212) 241-6500

RE: *FTC v. World Professional Association for Transgender Health, Inc.*
No. 26-cv-748 (N.D. Tex.); Subpoena to Mount Sinai Hospitals Group, Inc.

To Whom It May Concern:

Please find enclosed a subpoena to Mount Sinai Hospitals Group, Inc. issued in the above-captioned matter. Mount Sinai Hospitals Group, Inc. is not a target of an FTC investigation, and we have made every effort to keep this subpoena as narrow as the practicalities of the pending matter allow. Among other noteworthy features, the subpoena does not request the name or identifying information of any patient, any otherwise privileged doctor-patient communications, or any Protected Health Information, as defined in the attached schedule.

We would appreciate the opportunity to confer with you regarding this subpoena generally, including a potentially extended return date, and other accommodations we can make to facilitate your response. We are available to speak next week during the following dates and times:

- 9/22 9 AM ET-10:15 AM ET, 1-2 PM ET;
- 9/23 9:30 AM ET-12 PM ET, 2 PM ET-5 PM ET;
- 9/24 9:30 AM ET-11 AM ET, 3-4 PM ET; or
- 9/25 2 PM-5 PM ET.

We look forward to hearing from you.

Very truly yours,

*/s/ Hans Clausen*
Hans Clausen
Attorney
Federal Trade Commission
(404) 656-1361
hclausen@ftc.gov

Encl.

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

FEDERAL TRADE COMMISSION et al.
*Plaintiff*
v.
WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH, INC. et al.
*Defendant*

Civil Action No. 4:26-cv-00748-O

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: MOUNT SINAI HOSPITALS GROUP, INC., 1 Gustave L. Levy Place, New York, NY 10029
(212) 241-6500

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: SEE ATTACHED SCHEDULE A.

| Place: Federal Trade Commission, 1 Bowling Green #318, New York, NY 10004 | Date and Time: 10/08/2026 8:30 am |
|---|---|

The deposition will be recorded by this method: Stenographic transcription and audiovisual recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED SCHEDULE B.
RETURN DATE: 09/26/2026

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/16/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Hans Clausen
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Federal Trade Commission, who issues or requests this subpoena, are:
Hans Clausen, 600 Pennsylvania Avenue, NW, Washington, DC 20580, hclausen@ftc.gov, (404) 656-1361

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 4:26-cv-00748-O

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* MOUNT SINAI HOSPITALS GROUP, INC.
on *(date)* ______________ .

❐ I served the subpoena by delivering a copy to the named individual as follows: ______________

______________________________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ______________

______________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULES TO SUBPOENA ISSUED TO MOUNT SINAI HOSPITALS GROUP, INC.

Pursuant to Federal Rules of Civil Procedure 45, Plaintiffs Federal Trade Commission and the States of Alaska, Iowa, Nebraska, and Texas incorporate these Schedules as part of their subpoena. The following limitations, specifications, definitions, and instructions apply.

## LIMITATIONS

(1) Notwithstanding anything else herein, no part of this subpoena seeks Protected Health Information. Plaintiffs do not seek to learn the identity of any patient your clinic treated. You should redact any information that would disclose the identity of any patient, or that would otherwise disclose any other Protected Health Information.

(2) Notwithstanding anything else herein, no part of this subpoena seeks information covered by the attorney-client privilege, work product doctrine, or doctor-patient privilege. You should not produce such material, nor does this subpoena require you to log it.

## SCHEDULE A—TESTIMONY

Pursuant to Rule 30(b)(6), You must be prepared to testify about all information known or reasonably available to You regarding these topics:

(1) Your use of information published, promoted, or otherwise provided by WPATH.

(2) Your communications with WPATH, including WPATH trainings and seminars.

(3) Insurance reimbursement for Pediatric Medical Transition Services.

(4) Any Document produced to Plaintiffs or used to prepare for Your testimony pursuant to this subpoena.

## SCHEDULE B—DOCUMENT REQUESTS

(1) All Documents referring to WPATH or SOC-8, and either (a) provided to Pediatric Patients, or (b) reflecting communications with Pediatric Patients.

(2) All Documents reflecting or constituting guidelines, policies, standards, and training manuals concerning Pediatric Medical Transition Services, including insurance reimbursement for Pediatric Medical Transition Services.

(3) All Documents reflecting or constituting communications with WPATH, about WPATH, or about SOC-8, including trainings and seminars.

(4) Notwithstanding the date of such Documents, Documents sufficient to show Your contribution, if any, to SOC-8's content.

(5) Documents reflecting or constituting Complaints from any Pediatric Patient regarding Pediatric Medical Transition Services.

(6) All Documents used to prepare for Your testimony pursuant to this subpoena.

## DEFINITIONS

A. "**And**," as well as "**or**," shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any specification all information that otherwise might be construed to be outside the scope of the specification.

B. "**Any**" shall be construed to include "**all**," and "**all**" shall be construed to include the word "**any**."

C. "**Complaints**" means any expression of dissatisfaction, including both informal communications, regulatory inquiries, demand letters, and lawsuits.

D. **"Document**" shall mean the complete original and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, filmed, punched, or graphic matter of every type and description, however and by whomever prepared, produced, disseminated or made, including but not limited to any advertisement, book, pamphlet, periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report, record, handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation, manual, guide, outline, script, abstract, history, calendar, diary, agenda, minute, code book or label. "Document" also includes Electronically Stored Information.

E. "**Electronically Stored Information**" or "**ESI**" shall mean the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any information created, manipulated, communicated, stored, or utilized in digital form, requiring the use of computer hardware or software. This includes, but is not limited to, electronic mail, instant messaging (including WhatsApp), chat services or other services that include chat features (such as Slack and Teams), videoconferencing, and other electronic correspondence (whether active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings, whether stored on: cards; magnetic or electronic tapes; disks; computer hard drives, network shares or servers, or other drives; cloud-based platforms; cell phones, PDAs, computer tablets, or other mobile devices; or other storage media. "ESI" also includes such technical assistance or instructions as will enable us to convert ESI into a reasonably usable form.

F. "**Include**" and "**including**" mean "without limitation," or "including but not limited to," to avoid excluding any documents or information that might otherwise fall within the scope of any specification.

G. "**Referring To,**" "**Relating To**," or "**Related To**" shall mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, concerning, or pertaining to, in whole or in part.

H. "**Pediatric Patients**" means anyone seeking Pediatric Medical Transition Services from You who was under age 18 at any point during Your relationship with that person, as well as the parents or legal guardians any such person.

I. **"Pediatric Medical Transition Services"** means any medical intervention that purports to treat minors for distress or discomfort related to their sex traits or professed "gender," or feelings of "gender incongruence" or "gender dysphoria," including but not limited to pubertal suppression, hormone therapy, and surgery (e.g., subcutaneous mastectomy, vaginoplasty, metoidioplasty, facial feminization, and phalloplasty).

J. "**Protected Health Information**" means the same as defined in the Health Insurance Portability and Accountability Act ("HIPPA"), 45 CFR Parts 160, 162 & 164, at 45 CFR § 160.103. This includes individually identifiable health information such as (1) demographic data collected from an individual; (2) the past, present, or future physical or mental health or condition of an individual; (3) the provision of health care to an individual; (4) the past, present, or future payment for the provision of health care to an individual; or (5) that which provides a reasonable basis to believe the information could be used to identify the individual. Health data that has been de-identified according to HIPPA, 45 CFR § 164.514, is not included in this definition

K. "**SOC-8**" means the 2022 publication entitled "Standards of Care for the Health of Transgender and Gender Diverse People, Version 8."

L. "**WPATH**" means the World Professional Association for Transgender Health, Inc.; the United States Professional Association for Transgender Health; and Veritas Association Management, Inc.

M. "**You**" and "**Your**" means Mount Sinai Hospitals Group, Inc., its affiliates and subsidiaries, and the agents and representatives of any of the forgoing, including any clinicians employed by, or compensated for work performed through, any of the foregoing.

## INSTRUCTIONS

A. **Scope of Search**. This subpoena covers documents and information in your possession or under your actual or constructive custody or control including, but not limited to, documents and information in the possession, custody, or control of your attorneys, accountants, directors, officers, partners, employees, and other agents and consultants, whether or not such documents and information were received from or disseminated to any person or entity.

B. **Time Period**. Unless otherwise specified, this subpoena covers Documents created on or after January 1, 2022.

C. **Document Production**. You shall produce the documentary material at the place of production identified. Alternatively, you may send all responsive documents to Federal Trade Commission, 600 Pennsylvania Ave., NW, Washington, DC 20580. Because postal delivery to the Commission is subject to delay due to heightened security precautions, please use a courier service such as Federal Express or UPS. Notice of your intended method of production shall be given by email or telephone to Investigator Jonathan Bugbee (JBugbee@ftc.gov)/(202) 326-2387) at least five days prior to the return date. Please mark the exterior of all packages containing electronic media sent through the U.S. Postal Service or other delivery services as follows:

**MAGNETIC MEDIA – DO NOT X-RAY**
**MAY BE OPENED FOR POSTAL INSPECTION.**

D. **Documents Responsive to Multiple Specifications**. Documents responsive to more than one specification need not be submitted more than once; however, your response should indicate, for each document submitted, each specification to which the document is responsive. If any documents responsive to this subpoena have been previously supplied to the Commission, you may comply with this subpoena by identifying the document(s) previously provided and the submission date. Documents should be produced in the order in which they appear in your files or as electronically stored and without being manipulated or otherwise rearranged; if documents are removed from their original folders, binders, covers, containers, or electronic source in order to be produced, then the documents shall be identified in a manner so as to clearly specify the folder, binder, cover, container, or electronic media or file paths from which such documents came. In addition, number by page (or file, for those documents produced in native electronic format) all

documents you produce with a unique Bates identifier, and indicate the total number of documents in your production.

E. **Production of Copies**. Unless otherwise stated, legible photocopies (or electronically rendered images or digital copies of native electronic files) may be submitted in lieu of originals, provided that the originals are retained in their state at the time of receipt of this subpoena. Further, copies may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents; provided, however, that producing a copy waives any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any Commission proceeding or court; and provided further that you must retain the originals and produce them upon request.

F. **Documents With Responsive Portions**. A complete copy of each document should be submitted even if only a portion of the document is within the terms of the request. The document shall not be edited, cut, or expunged in any way and shall include all covering letters and memoranda, transmittal slips, appendices, tables or other attachments.

G. **Copies and Drafts**. Each request includes all copies of the responsive document and, to the extent applicable, preliminary drafts or documents that differ in any respect from the original or final draft or from each other (*e.g.*, by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not the original or other copies thereof).

H. **Lost or Destroyed Documents**. If any document this subpoena covers was in your possession or actual or constructive custody or control and has been lost or destroyed, the document is to be identified in writing as follows: addressee, person who prepared or authored the document, date of preparation or transmittal, substance of the document and its subject matter, number of pages, attachments, or appendices, all persons to whom distributed, shown or explained, date of loss or destruction, and, if destroyed, the manner of destruction, the reason for destruction, the persons authorizing destruction, and the persons who destroyed the document.

I. **Objections.** If you object to any request, all documents covered by the request not subject to the objection still must be produced. Similarly, if an objection is made to production of a document, the portion of that document not subject to objection should be produced with the portion objected to redacted and clearly indicated as redacted. All objections to these requests or to any individual request must be raised in the initial response or are waived.

J. **Certification of Records of Regularly Conducted Activity**. Attached is a Certification of Records of Regularly Conducted Activity, which may reduce the need to subpoena you to testify to establish the admissibility of documents produced in response to this subpoena. Please execute this Certification and provide it with your response.

# CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY
## Pursuant to 28 U.S.C. § 1746

1. I, ____________________________, have personal knowledge of the facts set forth below and am competent to testify as follows:

2. I have authority to certify the authenticity of the records produced by ______________________________________ (the "Organization") and attached hereto.

3. The documents produced and attached hereto by the Organization are originals or true copies of records of regularly conducted activity that:

   a) Were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

   b) Were kept in the course of the regularly conducted activity of the Organization; and

   c) Were made by the regularly conducted activity as a regular practice of the Organization.

I certify under penalty of perjury that the foregoing is true and correct.

Date: ___________________________ ________________________________
Signature

# Exhibit A

# Attachment 2

Civil Action No. **4:26-cv-00748-O**

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for **Mount Sinai Hospitals Group Inc**
on **9/16/2026:**

[X] I served the subpoena by delivering a copy to the named person as follows: **Christine G(office assistant)**, who is designated by law to accept service of process on behalf of **Mount Sinai Hospitals Group Inc** at **1 Gustave L Levy Pl, New York, NY 10029** on **09/17/2026 at 8:58 AM**

**I delivered the documents, LETTER; SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION, to Christine G(office assistant) who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 35-45 years of age, 5'4"-5'6" tall and weighing 160-180 lbs with glasses.**; or

[ ] I returned the summons unexecuted because

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

**$ 0.00**

I declare under penalty of perjury that this information is true.

Date: 09/17/2026

*Server's signature*

**Islam G Alaaeldin**

*Printed name and title*

**1956 64th st**
**2f**
**brooklyn, NY 11204**

*Server's address*

Additional information regarding attempted service, etc:

Tracking #: **0242166835**

# Exhibit A

# Attachment 3

**From:** Clausen, Hans
**To:** Strauss, Sally
**Cc:** Wong, Marco; Cohen, Jonathan; Chiang, Annie; Vaughan, Ross (Cooper); Trujillo, Lauren
**Subject:** Re: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")
**Date:** Thursday, October 1, 2026 7:14:20 PM

---

Thank you, Sally. That person can contact me.

Get Outlook for iOS

---

**From:** Strauss, Sally [redacted]
**Sent:** Thursday, 01 October 2026 18:32:43
**To:** Clausen, Hans <hclausen@ftc.gov>
**Cc:** Wong, Marco [redacted] Jonathan <jcohen2@ftc.gov>; Chiang, Annie <achiang@ftc.gov>; Vaughan, Ross (Cooper) <rvaughan@ftc.gov>; Trujillo, Lauren <ltrujillo@ftc.gov>
**Subject:** Re: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")

Some people who received this message don't often get email from [redacted] Learn why this is important

Thanks Hans,

We are just confirming with them if they want to use a point person for follow up with you. And also, would you like us to identify a single person for them to follow up with?

Sally
Sent from my iPad

On Oct 1, 2026, at 5:05 PM, Clausen, Hans <hclausen@ftc.gov> wrote:

**Marco & Sally: If it's possible, it would be very helpful for us to know the name and contact information of the NYAG folks who communicated with Mt. Sinai about the FTC subpoena before our next call. If you can please relay that information to us, we'd greatly appreciate it. Thanks and have a great evening.**

**Hans Clausen**
**Attorney | Federal Trade Commission | Bureau of Consumer Protection**
404-656-1361 (Direct)
202-250-0763 (Work cell)

---

**From:** Wong, Marco [redacted]
**Sent:** Wednesday, September 30, 2026 5:57 PM
**To:** Clausen, Hans <hclausen@ftc.gov>; Strauss, Sally [redacted]
**Cc:** Chiang, Annie <achiang@ftc.gov>; Cohen, Jonathan <jcohen2@ftc.gov>; Vaughan, Ross (Cooper) <rvaughan@ftc.gov>; Trujillo, Lauren <ltrujillo@ftc.gov>
**Subject:** Re: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to

Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")

Some people who received this message don't often get email from
[redacted] Learn why this is important

Hi Hans:

The NYAG's office reached out to us out of the blue and asked us whether we have received a subpoena from the FTC in the above-captioned matter. The office's position is that New York State's Shield Law applies to the FTC subpoena on Mount Sinai and prohibits Mount Sinai from providing any information in response to the subpoena until a minimum of thirty days has passed since such person or entity notified the NYAG of such subpoena (i.e., October 29, 2026). Despite Sally's and my efforts to explain to the office that we are only producing a subset of documents which have been previously produced to the DOJ, which do not implicate patient records, NYAG stood firm in its position and interpretation of the Shield Law.

We are happy to discuss further tomorrow. I had suggested morning; does that time not work? In the afternoon, we could do after 5:30 p.m. ET.

Thanks,
Marco

Marco Y. Wong
Assistant General Counsel
Mount Sinai Health System
150 East 42nd Street, 2nd Floor
New York, New York 10017
[redacted]

---

**From:** Clausen, Hans <hclausen@ftc.gov>
**Sent:** Wednesday, September 30, 2026 5:26 PM
**To:** Wong, Marco [redacted] Strauss, Sally [redacted]
**Cc:** Chiang, Annie <achiang@ftc.gov>; Cohen, Jonathan <jcohen2@ftc.gov>; Vaughan, Ross (Cooper) <rvaughan@ftc.gov>; Trujillo, Lauren <ltrujillo@ftc.gov>
**Subject:** RE: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")

Hi, Marco: I circulated a calendar invitation for tomorrow at 3:45-4:15 PM. Before then, can you give us brief preview of tomorrow's conversion and how the NY AG's office is involved? Thanks

**Hans Clausen**
**Attorney | Federal Trade Commission | Bureau of Consumer Protection**
404-656-1361 (Direct)
202-250-0763 (Work cell)

---

**From:** Wong, Marco [redacted]
**Sent:** Wednesday, September 30, 2026 4:02 PM

**To:** Clausen, Hans <hclausen@ftc.gov>; Strauss, Sally [redacted]
**Cc:** Chiang, Annie <achiang@ftc.gov>; Cohen, Jonathan <jcohen2@ftc.gov>; Vaughan, Ross (Cooper) <rvaughan@ftc.gov>; Trujillo, Lauren <ltrujillo@ftc.gov>
**Subject:** Re: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")

Hi Hans:

We just got off a phone call with the New York Attorney General's office, and are wondering if you and your team would have availability sooner than Friday afternoon to meet. Sally and I can clear our schedules tomorrow morning other than 11-11:30.

Is there a time that would work for you all? Otherwise, we can just meet at our scheduled time on 10/2 at 3 p.m.

Thanks,
Marco

Marco Y. Wong
Assistant General Counsel
Mount Sinai Health System
150 East 42nd Street, 2nd Floor
New York, New York 10017
[redacted]

---

**From:** Clausen, Hans <hclausen@ftc.gov>
**Sent:** Monday, September 28, 2026 12:08 PM
**To:** Wong, Marco [redacted] Strauss, Sally [redacted]
**Cc:** Chiang, Annie <achiang@ftc.gov>; Cohen, Jonathan <jcohen2@ftc.gov>; Vaughan, Ross (Cooper) <rvaughan@ftc.gov>; Trujillo, Lauren <ltrujillo@ftc.gov>; Clausen, Hans <hclausen@ftc.gov>
**Subject:** RE: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")

Thanks, Marco. We're fine with your addition highlighted below. I canceled the 9/30 meet and confer and sent you and Sally a new calendar appointment to meet and confer again on 10/2 at 3PM. We look forward to speaking with you again then.

**Hans Clausen**
**Attorney | Federal Trade Commission | Bureau of Consumer Protection**
404-656-1361 (Direct)
202-250-0763 (Work cell)

---

**From:** Wong, Marco [redacted]
**Sent:** Monday, September 28, 2026 8:40 AM
**To:** Clausen, Hans <hclausen@ftc.gov>; Strauss, Sally [redacted]
**Cc:** Chiang, Annie <achiang@ftc.gov>; Cohen, Jonathan <jcohen2@ftc.gov>; Vaughan, Ross (Cooper)

<rvaughan@ftc.gov>; Trujillo, Lauren <ltrujillo@ftc.gov>
**Subject:** Re: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")

Hi Hans:

I made one minor revision below in bold / yellow highlighting, just to align with Item 7; that way, it is clear that Mount Sinai has up until the date of the corporate representative deposition to produce documents used to prepare for the witness' testimony.

Thanks and have a good week all,
Marco

Marco Y. Wong
Assistant General Counsel
Mount Sinai Health System
150 East 42nd Street, 2nd Floor
New York, New York 10017
[redacted]

---

**From:** Clausen, Hans <hclausen@ftc.gov>
**Sent:** Friday, September 25, 2026 3:24 PM
**To:** Wong, Marco [redacted] Strauss, Sally [redacted]
**Cc:** Chiang, Annie <achiang@ftc.gov>; Cohen, Jonathan <jcohen2@ftc.gov>; Vaughan, Ross (Cooper) <rvaughan@ftc.gov>; Trujillo, Lauren <ltrujillo@ftc.gov>; Clausen, Hans <hclausen@ftc.gov>
**Subject:** RE: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")

Sally & Marco:

Thank you for conferring with us again yesterday about the FTC's above-referenced subpoena to Mt. Sinai for testimony and the production of documents. Per yesterday's discussion, we have agreed to the following modified schedule for Mt. Sinai's compliance. Assuming you concur, we agree that there's no need for a call next week.

1. On or before **Friday, October 2, 2026**, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 2 on Exhibit B of the subpoena ("(2) All Documents reflecting or constituting guidelines, policies, standards, and training manuals concerning Pediatric Medical Transition Services, including insurance reimbursement for Pediatric Medical Transition Services").

2. With regard to Request No. 1 on Exhibit B of the subpoena ("(1) All Documents referring to WPATH or SOC-8, and either (a) provided to Pediatric Patients, or (b) reflecting communications with Pediatric Patients"), the FTC and Mt. Sinai have not agreed yet concerning what material will be produced in response to this request, and the parties reserve their rights. However, to move things toward a resolution, the parties have agreed as follows:

    i. On or before **Friday, October 2, 2026**, Mt. Sinai will inform the FTC of the

current version of the EPIC health records management system it uses and other information about that EPIC health records management system sufficient to enable the FTC to verify Mt. Sinai's claims concerning that system's capabilities;

ii. On or before **Friday, October 2, 2026,** Mt. Sinai will meet and confer further about the production of a sample of patient records. Mt. Sinai will also explain whether searches can be completed in EPIC across a single patient's complete medical file.

3. On or before **Friday, October 16, 2026,** Mt. Sinai agrees to provide a good faith, partial but substantial production of documents responsive to Request No. 3 on Exhibit B of the subpoena ("(3) All Documents reflecting or constituting communications with WPATH, about WPATH, or about SOC-8, including trainings and seminars"). Assuming that Mt. Sinai does so, the FTC will not unreasonably withhold further interim extensions provided that Mt. Sinai agrees to fully complete the production in response to this request within a reasonable time acceptable to the FTC.

4. On or before **Friday, October 16, 2026**, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 5 on Exhibit B of the subpoena ("(5) Documents reflecting or constituting Complaints from any Pediatric Patient regarding Pediatric Medical Transition Services").

5. On or before **Friday, October 30, 2026**, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 4 on Exhibit B of the subpoena ("(4) Notwithstanding the date of such Documents, Documents sufficient to show Your contribution, if any, to SOC-8's content").

6. On or before **Monday, November 9, 2026, by 5pm ET**, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 6 on Exhibit B of the subpoena ("(6) All Documents used to prepare for Your testimony pursuant to this subpoena"), **but this date is subject to modification upon further good-faith discussion and mutual agreement.**

7. On **Tuesday, November 10, 2026, at 8:30am**, Mt. Sinai's corporate representative will appear (subject to confirmation of the representative's schedule) for testimony at the office of the Federal Trade Commission, 1 Bowling Green #318, New York, NY 10004, but this date is subject to modification upon further good-faith discussion and mutual agreement.

Again, if you could confirm this today, we agree that there's no need for a further call next week.

Thanks

**Hans Clausen**
**Attorney | Federal Trade Commission | Bureau of Consumer Protection**
404-656-1361 (Direct)
202-250-0763 (Work cell)

---

**From:** Wong, Marco [redacted]
**Sent:** Friday, September 25, 2026 11:54 AM
**To:** Clausen, Hans <hclausen@ftc.gov>; Chiang, Annie <achiang@ftc.gov>; Cohen, Jonathan

<jcohen2@ftc.gov>; Vaughan, Ross (Cooper) <rvaughan@ftc.gov>; Trujillo, Lauren <ltrujillo@ftc.gov>
**Cc:** Strauss, Sally [redacted]
**Subject:** Re: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")

All:

Nice to meet everyone yesterday. In light of our conversation yesterday, I think we at Mount Sinai have our marching orders and do not need another call next Wednesday. Do you agree?

Thanks and have a good weekend,
Marco

Marco Y. Wong
Assistant General Counsel
Mount Sinai Health System
150 East 42nd Street, 2nd Floor
New York, New York 10017
[redacted]

**From:** "Clausen, Hans" <hclausen@ftc.gov>
**Date:** September 21, 2026 at 7:29:16 PM GMT+3
**To:** "Wong, Marco" [redacted]
**Cc:** "Chiang, Annie" <achiang@ftc.gov>, "Cohen, Jonathan" <jcohen2@ftc.gov>, "Vaughan, Ross (Cooper)" <rvaughan@ftc.gov>, "Trujillo, Lauren" <ltrujillo@ftc.gov>, "Strauss, Sally" [redacted]
**Subject: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")**

Hi, Marco: We'd like to meet with you later this week to discuss Mt. Sinai's progress in gathering documents responsive to the FTC's subpoena. If this day and time doesn't work for you, please propose another this week.

Also, because Sally did not agree to our proposed modified production schedule, the original return date remains in effect—but we will, as a courtesy to Mt. Sinai, extend the return date to October 1, 2026, on the understanding that the FTC and Mt. Sinai will reach agreement during our call scheduled for September 30, after Sally's return.
Thanks HC

---

Microsoft Teams meeting
Join: https://teams.microsoft.com/meet/264083125500715?p=kyF9nSHxaus9wS8Wwr<https://urldefense.proofpoint.com/v2/url?u=https-3A__teams.microsoft.com_meet_264083125500715-3Fp-3DkyF9nSHxaus9wS8Wwr&d=DwMGaQ&c=shNJtf5dKgNcPZ6Yh64b-ALLUrcfR-4CCQkZVKC8w3o&r=luwrmp7Z-n4vYlkY08CzRlyl3eLu-DGpnFxnT_PTJXs&m=1Sr6GxjiNcAl-kYS4FJ-aK4xquR8MNmWtw_jssQp3Vsr92cTKN95V3g2j3EzxSf-

&s=W5uAaimZIhB5iLhQLDwERBNzx-3Q--CbMVCcINCvVqw&e=>
Meeting ID: 264 083 125 500 715
Passcode: [redacted]

---

Need help?<https://urldefense.proofpoint.com/v2/url?u=https-3A__aka.ms_JoinTeamsMeeting-3Fomkt-3Den-2DUS&d=DwMGaQ&c=shNJtf5dKgNcPZ6Yh64b-ALLUrcfR-4CCQkZVKC8w3o&r=luwrmp7Z-n4vYlkY08CzRlyl3eLu-DGpnFxnT_PTJXs&m=1Sr6GxjiNcAl-kYS4FJ-aK4xquR8MNmWtw_jssQp3Vsr92cTKN95V3g2j3EzxSf-&s=mMDwcq7-SdTMlk48AEos569IgcP9y5a_3nuD_jCbyYs&e=> | System reference<https://urldefense.proofpoint.com/v2/url?u=https-3A__teams.microsoft.com_l_meetup-2Djoin_19-253ameeting-5FZDdhOTlkOWQtMzBjNS00MjkwLTk0MmQtODE2NTEzZGRjMTBi-2540thread.v2_0-3Fcontext-3D-257b-2522Tid-2522-253a-25227302cabc-2D5af5-2D469b-2Daf17-2D700007935a01-2522-252c-2522Oid-2522-253a-25225171bc02-2D83e2-2D478a-2D93c7-2D2f7f2ddc19fb-2522-257d&d=DwMGaQ&c=shNJtf5dKgNcPZ6Yh64b-ALLUrcfR-4CCQkZVKC8w3o&r=luwrmp7Z-n4vYlkY08CzRlyl3eLu-DGpnFxnT_PTJXs&m=1Sr6GxjiNcAl-kYS4FJ-aK4xquR8MNmWtw_jssQp3Vsr92cTKN95V3g2j3EzxSf-&s=95-_UdocvFelY1uotOyjv95XBY-4UHOmTr6DEpv0dVo&e=>
Dial in by phone
+1 202-393-2073,,421957684#<tel:+12023932073,,421957684> United States, Washington
Find a local number<https://urldefense.proofpoint.com/v2/url?u=https-3A__dialin.teams.cloud.microsoft_5fa92c16-2D3c2c-2D4227-2Db79e-2Db705b0488325-3Fid-3D421957684&d=DwMGaQ&c=shNJtf5dKgNcPZ6Yh64b-ALLUrcfR-4CCQkZVKC8w3o&r=luwrmp7Z-n4vYlkY08CzRlyl3eLu-DGpnFxnT_PTJXs&m=1Sr6GxjiNcAl-kYS4FJ-aK4xquR8MNmWtw_jssQp3Vsr92cTKN95V3g2j3EzxSf-&s=XRXhKSMpG68gd3z-Uqg0s1WnA6ik4iorKlm_TNBFSQc&e=>
Phone conference ID: 421 957 684#
For organizers: Meeting options<https://urldefense.proofpoint.com/v2/url?u=https-3A__teams.microsoft.com_meetingOptions_-3ForganizerId-3D5171bc02-2D83e2-2D478a-2D93c7-2D2f7f2ddc19fb-26tenantId-3D7302cabc-2D5af5-2D469b-2Daf17-2D700007935a01-26threadId-3D19-5Fmeeting-5FZDdhOTlkOWQtMzBjNS00MjkwLTk0MmQtODE2NTEzZGRjMTBi-40thread.v2-26messageId-3D0-26language-3Den-2DUS&d=DwMGaQ&c=shNJtf5dKgNcPZ6Yh64b-ALLUrcfR-4CCQkZVKC8w3o&r=luwrmp7Z-n4vYlkY08CzRlyl3eLu-DGpnFxnT_PTJXs&m=1Sr6GxjiNcAl-kYS4FJ-aK4xquR8MNmWtw_jssQp3Vsr92cTKN95V3g2j3EzxSf-&s=G8TUK_NsC8jmZVPoli2KLxKTmdW0Ha1gfT6g1rPMZqw&e=> | Reset dial-in PIN<https://urldefense.proofpoint.com/v2/url?u=https-3A__dialin.teams.cloud.microsoft_usp_pstnconferencing&d=DwMGaQ&c=shNJtf5dKgNcPZ6Yh64b-ALLUrcfR-4CCQkZVKC8w3o&r=luwrmp7Z-n4vYlkY08CzRlyl3eLu-

DGpnFxnT_PTJXs&m=1Sr6GxjiNcAl-kYS4FJ-aK4xquR8MNmWtw_jssQp3Vsr92cTKN95V3g2j3EzxSf-&s=GNDiMsVgf1BhQJh11rv8AIo9CGnPY8o5W40p0gszX0A&e=>

---

---

From: Strauss, Sally [redacted]
Sent: Saturday, September 19, 2026 12:32 AM
To: Clausen, Hans <hclausen@ftc.gov>
Cc: Wong, Marco [redacted] Chiang, Annie <achiang@ftc.gov>; Cohen, Jonathan <jcohen2@ftc.gov>; Vaughan, Ross (Cooper) <rvaughan@ftc.gov>; Trujillo, Lauren <ltrujillo@ftc.gov>
Subject: Re: FTC et al. v. WPATH et al., Case No. 4:26-cv-00748-O (N.D. Tex.), Rule 45 Subpoena to Mt. Sinai Hospitals Group, Inc. ("Mt. Sinai")

You don't often get email from [redacted]. Learn why this is important<https://urldefense.proofpoint.com/v2/url?u=https-3A__aka.ms_LearnAboutSenderIdentification&d=DwMGaQ&c=shNJtf5dKgNcPZ6Yh64b-ALLUrcfR-4CCQkZVKC8w3o&r=luwrmp7Z-n4vYIkY08CzRlyI3eLu-DGpnFxnT_PTJXs&m=1Sr6GxjiNcAl-kYS4FJ-aK4xquR8MNmWtw_jssQp3Vsr92cTKN95V3g2j3EzxSf-&s=6vCheu6zi6YXFAA_Xj-cNCAf_lAvHsJQzRqfi_wKOP4&e=>
Hans,

We are in the process of restoring our prior production to our platform. This will take a few days. The DOJ and FTC requests are not the same so we still need to review the materials to segregate the responsive materials for question 2. We are hopeful that we can complete this by the end of next week, but will only be able to confirm that after we restore the documents to the platform and review for the targeted search terms.

Also, it takes one or two days to organize and produce from our platform back to our vendor so the process is not seamless. We need to build that into the schedule as well.

The requests or 1, 3 and 4 were not part of the DOJ production, so we will need some more time to complete a thorough search for these materials. I think it best that we have a follow up call September 30th so we can report on our progress and further discuss our rolling production.

My colleague Marco will folllow up next week to set a time while he works with our paralegal to restore the database.

Thank you.

Sally

Sent from my iPad

On Sep 19, 2026, at 12:33 AM, Clausen, Hans
<hclausen@ftc.gov<mailto:hclausen@ftc.gov>> wrote:

USE CAUTION: External Message.
Sally:

Thank you for speaking with us today about the FTC's above-referenced subpoena to Mt. Sinai for testimony and the production of documents, and how Mt. Sinai will comply. Subject to your agreement to the following rolling production schedule, we agree to amend the subpoena's return dates accordingly:

1. On or before Thursday, October 1, 2026, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 2 on Exhibit B of the subpoena ("(2) All Documents reflecting or constituting guidelines, policies, standards, and training manuals concerning Pediatric Medical Transition Services, including insurance reimbursement for Pediatric Medical Transition Services"). The FTC agrees to accept Mt. Sinai's prior production to the Department of Justice in response to Request No. 2.
2. On or before Monday, October 5, 2026, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 1 on Exhibit B of the subpoena ("(1) All Documents referring to WPATH or SOC-8, and either (a) provided to Pediatric Patients, or (b) reflecting communications with Pediatric Patients").
3. On or before Thursday, October 8, 2026, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 3 on Exhibit B of the subpoena ("(3) All Documents reflecting or constituting communications with WPATH, about WPATH, or about SOC-8, including trainings and seminars").
4. On or before Monday, October 12, 2026, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 5 on Exhibit B of the subpoena ("(5) Documents reflecting or constituting Complaints from any Pediatric Patient regarding Pediatric Medical Transition Services").
5. On or before Thursday, October 15, 2026, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 4 on Exhibit B of the subpoena ("(4) Notwithstanding the date of such Documents, Documents sufficient to show Your contribution, if any, to SOC-8's content").
6. On or before Thursday, October 22, 2026 by 5pm ET, Mt. Sinai agrees to complete its production to the FTC of documents responsive to Request No. 6 on Exhibit B of the subpoena ("(6) All Documents used to prepare for Your testimony pursuant to this subpoena").
7. On Friday, October 23, 2026, at 8:30am, Mt. Sinai's corporate representative, likely Dr. Lisa Satton, will appear (subject to confirmation of her schedule) for testimony at the office of the Federal Trade Commission, 1 Bowling Green #318, New York, NY 10004.

We're happy to accept partial document productions for each numbered Request before the deadlines indicated above, and we're also willing to discuss further changes to this proposed schedule.

Thanks

Hans Clausen
Attorney | Federal Trade Commission | Bureau of Consumer Protection
404-656-1361 (Direct)
202-250-0763 (Work cell)

From: Strauss, Sally
[redacted]
Sent: Thursday, September 17, 2026 6:57 PM
To: Clausen, Hans <hclausen@ftc.gov<mailto:hclausen@ftc.gov>>
Cc: Wong, Marco
[redacted]
Subject: subpoena.

You don't often get email from
[redacted]. Learn why this is important<https://urldefense.proofpoint.com/v2/url?u=https-3A__aka.ms_LearnAboutSenderIdentification&d=DwMF-g&c=shNJtf5dKgNcPZ6Yh64b-ALLUrcfR-4CCQkZVKC8w3o&r=luwrmp7Z-n4vYIkY08CzRlyI3eLu-DGpnFxnT_PTJXs&m=S6JPxGFgpIPXF5-1aXcp38j8IR19UwuA3Odq2LydAs8GRJfrRAwYjLckDQjTyowg&s=Wz_85q6cOHEzlKh-KQ4rBehPBuInRgXBI6dJl-hfP4Q&e=>
Hans,

I am in-house counsel at Mount Sinai and our office just received the FTC's subpoena to the Mount Sinai Hospitals Group. I am in the process of reviewing the scope of the subpoena as well as educating myself on the underlying issues in the litigation so we can best identify an appropriate 30(b)(6) witness for the Hospitals Group and determine a reasonable plan to provide responsive documents. I appreciate your invitation to first discuss the scope and return date of the subpoena, particularly since at first glance some of the requests seem fairly broad in nature and implicate patient records.

Unfortunately, I am out of the office on a long planned cycling vacation overseas next week and really unavailable. I return Tuesday September 29th. Can we find some time to speak in the afternoon either September 30th or October 1.

Thank you for your consideration.

Sally Strauss

<image001.jpg>

Sally Strauss
Senior Vice President & Senior Associate General Counsel
Legal Department
Mount Sinai Health System
150 East 42nd Street, [redacted]
New York, NY 10017
[redacted]

---

Confidentiality Notice: This electronic mail transmission and any documents, files, or previous email messages attached to it may contain confidential information and are intended solely for the use of the individual or entity to which they are addressed. If you are not the intended recipient, or a person responsible for delivering such information to the intended recipient, you are hereby notified that any further review, disclosure, copying, dissemination, distribution, or use of any of the information contained in or attached to this email transmission is strictly prohibited. If you have received this message in error, please notify the sender immediately by email, discard any paper copies, and delete all electronic files of the message. Thank you for your cooperation.