**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-00748-O |
| | § | |
| WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH, INC., a Texas corporation, et al., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THE DEFENDANTS' MOTION TO DISMISS AND MOTION TO TRANSFER VENUE**

Defendants (collectively, "WPATH") respectfully move this Court to stay all discovery in this action pending resolution of Defendants' fully briefed Motion to Dismiss, ECF 84-85, 90, 95 ("Motion to Dismiss"), and Motion to Transfer Venue, ECF 82-83, 89, 96 ("Motion to Transfer").

**Basis for Motion**

The Court should stay this case. WPATH filed a Motion to Dismiss that raises multiple legal defects with the Federal Trade Commission's ("FTC's") claims in this case. Each of those defects independently requires dismissal. The FTC has now issued more than 150 discovery requests, including 13 subpoenas to third parties under Federal Rule of Civil Procedure 45.

Many of the FTC's discovery requests are ***virtually identical*** to requests another federal court has already held that likely violate the First Amendment. *WPATH v. FTC*, No. 26-cv-532 (JEB), 2026 WL 1257321, at *4 (D.D.C. May 7, 2026). WPATH has moved to dismiss the FTC's claims in this case for violating the First Amendment. ECF 85 at 28-35. This Court has recognized

that the First Amendment "provides a qualified privilege from the disclosure of information concerning" protected activities. *X Corp. v. Media Matters for Am.*, No. 4:23-CV-01175-O, 2024 WL 4416887, at *3 (N.D. Tex. Sept. 27, 2024). The Court should decide whether the First Amendment permits the FTC's claims at all before the FTC takes discovery that could violate WPATH's constitutional rights.

Moreover, the FTC's discovery imposes extensive burdens based on claims that the FTC likely lacks legal authority to bring, for multiple separate reasons. The FTC's discovery has even sparked collateral litigation in which the FTC has sought a judgment that Rule 45 preempts another State's law. ECF 98-1.

**Compliance with Local Rules**

Contemporaneously with the filing of this Motion, Defendants file a brief and exhibits in support in accordance with Local Rule 7.1.

**Relief Requested**

For the reasons stated therein, Defendants respectfully request that the Court grant this Motion to Stay.

Dated: November 19, 2026

Respectfully Submitted,

*/s/ Sarah Cummings Stewart*
Sarah Cummings Stewart
REED SMITH LLP
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Tel: (469) 680-4200
Fax: (469) 680-4299
sarah.stewart@reedsmith.com

R. Jeffrey Layne
REED SMITH LLP
401 Congress Avenue, Suite 1800
Austin, TX 78701
Tel: (512) 623-1801
Fax: (512) 623-1802
jlayne@reedsmith.com

*/s/ Caleb Hayes-Deats*
Abbe David Lowell [DC Bar No. 358651]
Caleb Hayes-Deats*
Schuyler J. Standley*
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassociates.com
CHayes-Deats@lowellandassociates.com
SStandley@lowellandassociates.com

**Admitted Pro hac vice*

*Attorneys for Defendants*

**Certificate of Conference**

On November 18, 2026, I met and conferred with counsel for Plaintiffs via videoconference regarding this Motion to Stay. After a discussion, the parties disagree about whether discovery should continue while Defendants' motions are pending. Jonathan Cohen communicated that Plaintiffs are opposed to the Motion.

*/s/ Caleb Hayes-Deats*
Caleb Hayes-Deats

**Certificate of Service**

The undersigned hereby certifies that, on November 19, 2026, a true and correct copy of the foregoing document was filed with the Clerk of the Court via the CM/ECF system, which will cause it to be served electronically on all counsel of record.

*/s/ Sarah Cummings Stewart*
Sarah Cummings Stewart